**Defendants without Attorney**

*NATHANIEL BASOLA SOBAYO, dba Kingsway Capital Partners, LLC*

Original

**F I L E D**

*and DOES 1 to 5, inclusive,*

AUG 13 2014

*2148 University Avenue, East Palo Alto, California 94303-1714.*

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

*Office Phone: 650-323-1849. Fax: 650-228-2492.*

*Cell Phone:408-242-1782.*

**CV 14 3666**

*e-mail:* nathaniel.sobayo@gmail.com

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

AUGUST 10TH, 2014.

NOTICE OF REMOVAL

*MARIA SOSA,* Plaintiff,

vs.

*NATHANIEL BASOLA SOBAYO, dba Kingsway Capital Partners, LLC and DOES 1 to 5, inclusive,*

Defendant.

**Date of first hearing:**

Time:

Courtroom:No:

DepartmentNo:

Judge:Hon

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, and The Federal Courts Jurisdiction and Venue Act of 2011 (the "Act"), H.R. 394, P.L. 112-63, which took effects of January 6, 2012, Defendant(s) *Nathaniel Basola Sobayo, dba Kingsway Capital Partners, LLC and DOES 1 to 5, inclusive, Defendant,* hereby file this Notice of Removal from **The Superior Court Of California, San Mateo County,** to the United States District Court for the Northern District of California, San Francisco.

1

The grounds for removal are as follows;

Removal to Federal Court from State Court are based - The New Rules

Making this case at bar a Federal Case is Defendant's research and understandings of
What constitute:
The Federal Courts Jurisdiction and Venue as to the Clarification Act of 2011 (the "Act),
H.R. 394, P.L. 112-63, which took effect on January 6, 2012, and applies to all state and
federal actions commenced on or after this effective date.

In addition to reorganizing and reformatting many of the statutory provisions within Title
28 of the United States Code, the Act includes significant changes and clarifications to
the rules governing removal, amount in controversy, diversity jurisdiction and venue.

## Amendments to Removal Statue

In cases with multiple defendants who might be served at different times, the Act
specifies that each defendant has 30 days from the date of its own date of service of the
initial pleading or summons in which to seek removal of the action to federal court. If
defendants are served on different dates, an earlier-served defendant may join in or
consent to removal by a later-served defendant, even if the earlier-served defendant did
not previously file for consent to removal within its 30-day time period. Codifying current
practice, the Act requires that all defendants who have been served must join in or
consent to removal.

Since JOINDER motions are currently pending in this case, and since multiple plaintiffs
and multiple defendants are expected to join this case at bar;

This Defendants is seeking removal to federal court under 28 U.S.C §1441 and plans to
do so according to the procedures in 28 U.S.C. §1446.

The new Section 1446 specified that each defendant shall have 30 days after receipt by
or service on that defendant of the initial pleading of summons . . . to file the notice of
removal." 28 U.S.C §1446(2)(B) (2012). Thus, the new version resolves the circuit split
over the time for removal in multiple defendant cases and clears up any ambiguity over
the applicable rule:

A new 30-day period begins when each defendant receives the complaint.

IT SHOULD BE NOTED MANY PLAINTIFFS AND DEFENDANTS ARE TO BE JOINED
AND EACH DEFENDANT, SO JOINED; WILL HAVE A NEW 30-DAY PERIOD FROM
THE DATES SO LEGALLY JOINED BY THIS COURT.
DEFENDANT IS REQUESTING A JUDICIAL NOTICE OF THIS NEW RULES AND
ACT IN TOTALITY. This new rules also eliminates the potential "perverse incentive
system" created by the first-served rule, which encouraged a "plaintiff who wishes to
remain in state court , in order to serve a defendant who is indifferent to removal, and
then to wait to serve other defendants who are more likely to wish to remove.

2

Please see this case :   ( Delalla, 650 F.3d at 186 ).

Beyond these changes, the new Section 1446 also codifies the judicially created (rule of Unanimity) by providing that...... (a defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C- §1445(2)(A) (2012);     please see also City of........Cleveland v. Ameriquest Mort. Securities Inc. 615 F.3d 496, 501 (601 Cir. 2010) (describing the judicially created "rule of unanimity").

And, anticipating that later-served defendants may seek to remove even if an earlier-served defendant has chosen not to, the new Section1446 states that if (defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.) 28 U.S.C. §1446(2)(C) (2012)

For actions removed on the basis of federal question jurisdiction, the Act contains a mandate from the severance of all unrelated state law claims from the federal claims, which are to be remanded to state court. Thus, upon removal of an action that has federal claims combined with claims that are not within the federal court's supplemental jurisdiction, the district court shall sever and remand those non-federal, non supplemental `claims, Section 1441(c) now provides that when a state court case includes a removable federal claim and a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made non-removable by statue." a defendant can still remove "the entire action . . . if the action would be removable without the inclusion of the non-removable claim.
( However after such a case is removed, the federal district court may sever the non-removable claims from the action and "shall remand the severed claims to the State court from which the action was removed.) 28 U.S.C._ §1441(c).

The old Section 1441(c) likewise provided that when a removable "claim or cause of action . . . is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed. ( But unlike the amended version, the old Section 1441(c) allowed district courts to decide all the claims or, "in its discretion, to remand all matters in which State law predominates." As a result, the old version permitted federal district courts to decide state law claims over which they lacked jurisdiction.

Therefore, under the new Section 1441(c), state court litigants contemplating removal of an action involving state law claims potentially outside of federal jurisdiction must consider the possibility that if they remove, the state law claims may be remanded and they may face litigation in both state and federal court.

In diversity cases, there is no longer a strict one-year omit for removals. The Act adds a bad faith exception to the one-year  cap. If a district court finds that a plaintiff acted in bad faith to prevent removal, e.g., by purposely failing to disclose the amount in controversy or by including a non-diverse defendant to avoid removal, the district

3

court has authority to remove the case on the basis of diversity jurisdiction, even if more than one year has passed since the suit was initially filed.

The new Section 1446(c) (1) provides that upon a finding by the district court that the plaintiff acted in "bad faith" in order to prevent a defendant from removing, the defendant may remove the action after the one-year bar. The new Section 1446(c) (3)(B) then specifically states that if "the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith" for purpose of removal after the one year deadline.

DEFENDANT IS REQUESTING JUDICIAL NOTICE IS APPROXIMATELY $1, 630,500.00; AND NOT AS PLEADED AND ALLEGED IN PLAINTIFF AND HER LAWYER'S FRIVOLOUS AND RETERLIATORY UNLAWFUL DETAINDER COMPLAINT.

Amount in Controversy Amendments; The Act amends 28 U.S.C. §1446(c) to allow a defendant's notice of removal to assert an amount in controversy if the complaint seeks nonmonetary relief or the amount of damages is not permitted to be set forth in the state court complaint.

The Act specifies that a district court must find by a preponderance of the evidence that the amount in controversy exceeds the statutory minimum in order to remove an action on the basis of diversity.

For action in which the parties are diverse but an insufficient amount in controversy prevents removal, the Act clarifies that information learned through the discovery process can reactivate the 30-day period to seek removal. Under these circumstances, the statue requires that a party must file a notice of removal within 30 days after receipt of discovery demonstrating that the amount in controversy exceeds the jurisdictional amount.

While the new amount in controversy rules resolves several ambiguities in the law of removal, several pockets of uncertainty remain.

See generally William Baude, Commentary, Clarification Needed: Fixing the Jurisdiction and Venue Clarification Act, 110 Mich. L. Rev.

First Impressions 33, 36-37 & N.25 (2011).

First, although the act establishes that a defendant may assert the amount in controversy if the state does not permit the plaintiff to demand a specific sum, the act does not addresses instances where states -- such as Alabama and Florida -- permit but do not require the plaintiff to demand a specific sum Id. at 35.

4

Second, the act does not define the precise contours of the preponderance of the evidence standard for proving the amount in controversy. Id. at 35-36. The committee report indicates that the act was intended to codify the understanding of the preponderance standard articulated in

Meridian Sec Ins. Co., v. Sadowski, 441 F.3d 536 (7th Cir. 2006),

where the court held once the jurisdictional facts have been established by the preponderance of the evidence, uncertainty about whether the plaintiff can prove its substantive claim and whether damages will exceed the threshold amount does not justify denying federal removal jurisdiction.

Meridian, 441 F.3d at 543 (5th Cir 2010)
(holding that any doubts regarding whether removal is proper should be resolved against federal jurisdiction).

## Narrowing Diversity Jurisdiction

In Addition to amending sections of the removal statues governing removal on the basis of diversity jurisdiction, the act amends the diversity jurisdiction statute itself. The act narrows diversity jurisdiction in two minor respects.

First, the act narrows diversity jurisdiction with regard to resident aliens. It removes language from 28 U.S.C §1332(a) in order to clarify that resident aliens are not "citizens" for diversity jurisdiction purposes.

Thus, for example, a plaintiff resident alien who is domiciled in one state cannot invoke diversity jurisdiction in an action against a defendant resident alien who is domiciled in another state.

Nor is there diversity jurisdiction over an action between citizens of a state and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same state. 28 U.S.C §1332(a)(2).

Second, the act broadens the concept of citizenship for foreign corporations and corporations with foreign contacts. New Section13319(c )(1) provides that all corporations, both foreign and domestic, are considered to be citizens of their place of incorporation as well as their principal place of business. This means that a U.S. corporation with its principal place of business in a U.S. state is considered to be a citizen of that U.S. state as well.

////
////
////
////
////

5

## New Venue Provisions

The Act adds a new provision to the chapter of the Code governing federal venue, 28 U.S.C. §1390, which provides a general definition of venue and the scope of the chapter's applicability.

The section defines venues as "the geographic specification of the proper court of courts for the litigation of a civil action that is within the subject-matter jurisdiction of the district courts in general."

In addition, the Act abolishes 28 U.S.C §1392, which provided a separate venue rule for local civil actions involving property that is located in different districts in the same state. Section 1391 now governs these actions.

The Act has amended 28 U.S.C. § 1391(c) by specifying that the standard for determining residency for venue purposes is a natural person's state or domicile, the same standard used for determining citizenship for diversity jurisdiction.

The Act also condenses the prior, separate provisions governing venue in diversity actions and venue in federal question actions. Section 1391(b) now contains the three standards to determine proper venue for both diversity actions and federal question actions.

Amending 28 U.S.C. § 1404, change of venue is now allowed not only to any district or division in which the action might have been brought, but also to a district where the action could not have been initially brought, so long as all parties consent to the transfer. This statutory amendment partially abrogates the Supreme Courts holding in

Hoffman v, Blaski, 363 U.S. 335 (1960).

Conclusion

It is important that defense trial litigants and in-house legal staff be familiar with these new rules, including the requirements that, they should stay abreast of case law developments as they occur following the implementation of these new rules.

////
////
////
////
////
////
////
////
////
////
////
////

6

# UNDISPUTED STATEMENT OF FACTS,

# THESE ARE REPRESENTED IN THE DEMURRER FILED BY THIS DEFENDANT, AND A REQUEST FOR JUDICIAL NOTICE IS HEREIN MOVED BY THIS SAME DEFENDANT.

# DEFENDANT'S DEMURRER WILL NOW FOLLOW IMMEDIATELY BELOW:

This demurrer is made pursuant to *Code of Civil Procedure* § 430.10(e) on the grounds that each, every, and all causes of action in Plaintiff's Complaint fail to state sufficient facts to constitute causes of action as Plaintiff lacks standing to assert any claims against this Moving Defendant.

**These following reasons are set forth, as to why Plaintiff lacks standing to sue, this instant defendant.**

1. Plaintiff, is not the owner of the said property, has never possessed the property at issue, since SEPTEMBER 18, 2008, and has no verifiable rights to possession contradicting this fact, which is now at issue and is in controversy. The title of the property belongs to A LIVING TRUST NOT TO MARIA SOSA, AS IT HAS BEEN REPRESENTED TO THIS DEFENDANT.

   Please see exhibits # AAA(i), (ii), (iii), (iv), (v).

2. Plaintiff claims rights and or standing to sue, but provides no verifiable legal documents

   nor evidence, to legally justify the claims. Plaintiff has committed identity fraud and

   impersonation which is contrary to United States Laws.

   Please see exhibits # AAA(i), (ii), (iii), (iv), (v).

3. Hearsay claims of ownership, including any and all claims of possession of the property

   at issues by MARIA SOSA, as purported Plaintiff are clearly illegal and without facts nor

   legally verifiable evidences, that is known to this defendant.

4. THE OWNER OR OWNERS  AND THE REAL PARTY OR PARTIES INTEREST ARE YET TO BE

   IDENTIFIED, BY THIS DEFENDANT SO THAT BOTH FEDERAL AND CALIFORNIA VIOLATIONS

   OF LAW(S) CAN BE INITIATED.

5. FEDERAL AND CALIFORNIA LOW INCOME HOUSING TAX CREDIT LAWS HAVE BEEN

   VIOLATED AND THE OWNER AND OR OWNERS ARE LIABLE, BUT NOT LIMITED TO MANY

   FEDERAL LAW VIOLATIONS ; AND

   SECTION 42 OF THE FEDERAL INTERNAL REVENUE CODE;

   SECTION 50199.4 et seq. OF THE CALIFORNIA HEALTH AND SAFETY CODE,

   SECTIONS 12206, 17068 AND 23610.5 OF THE CALIFORNIA REVENUE AND

   TAXATION CODE;

   INCLUDING THE VIOLATIONS OF RELATED REGULATIONS AS PROMULGATED BY TAX

   CREDIT ALLOCATION COMMITTEE, AS WELL AS ALL LAWS AND REGULATIONS

GOVERNING ANY AND ALL CONDITIONS APPLICABLE TO THE INSTANT PROPERTY, ARE

CURRENTLY; NOW AT ISSUES.

6.  VIOLATIONS OF THE FEDERAL UNITED STATES DUE PROCESS LAW, BASED OF THE FIRST

AND FOURTHEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, ARE HEREIN

ALLEGED AND COMPLAINED ABOUT AGAINST THIS PLAINTIFF MARIA SOSA AND THE

REAL PARTIES IN INTERESTS.

The additional grounds for this Demurrer are further set forth below.

## DEMURRER TO PLAINTIFF'S ILLEGAL COMPLAINT IS WITHOUT MERITS.

This demurrer is made pursuant to *Code of Civil Procedure* §430.10 on the grounds that,

all the causes of Action of the PLAINTIFF's Complaint fail to state facts sufficient to constitute a

cause of action against this Moving Defendant, in the name of NATHANIEL BASOLA SOBAYO.

Moving Defendant hereby generally demurs to Plaintiff's Complaint on each of the following

grounds:

1.

## DEMURRER TO ALL OF PLAINTIFF's CAUSES OF ACTION:

The each and every and all causes of action fail to state facts sufficient to constitute any

causes of action as Plaintiff lacks standing to assert any claims against this Moving

Defendant in that Plaintiff, is not the owner of the said property as claim in contrast to

county recorders office, has never singularly possessed the property at issue, and has no

9

legally verifiable rights to possession as claimed and as made known to this defendant Nathaniel Basola Sobayo; which property is now at issue and is in controversy.

2.

DEMURRER TO CAUSE OF ACTION FOR CLAIM FOR POSSESSION:

The claim of possession cause of action fails to state facts sufficient to constitute a cause of

action as Plaintiff lacks standing to assert any claims against this Moving Defendant in that

Plaintiff, is not the singular nor clear owner of the said property, has never singularly possessed the property at issue, and has no legally verifiable rights to possession which is now at issue and is in controversy. Plaintiff committed frauds in claiming all rights as claimed, and the case must be dismissed with prejudice, because this DEFENDANT has a legally viable claim of

**$1,630,500.00** owed by this purported owner and plaintiff, MARIA SOSA, AND THE LIVING

TRUST, as damages done to Defendants property, and this was clearly made known to Maria Sosa, her attorney DAN BEATTY, WHO ORCHESTRATED AND PREPARED THE LIVING TRUST IN 2008, AS ALLEGED; AND ALL OTHERS CLAIMING INTERESTS IN THE SUBJECT PROPERTY;

**but yet all of these interested parties and particularly attorney DAN**

**BEATTY, continue to ignore the UNDIPUTED FACTS , and instead filed**

**this illegal FRIVOLOUS AND RETALIATORY UNLAWFUL DETAINER**

**ACTION, WHICH THEY CLEARLY HAVE NO STANDING BY LAW TO FILE.**

10

For this reasons, this Court has NO SUBJECT MATTER JURISDICTION OVER THIS DEFENDANT,
NOR OVER THIS CASE CURRENT AT BAR. THE CASE MUST BE DISMISS WITH PREJUDICE.

DEFENDANT IS ALSO REQUESTING FOR SANCTIONS AGAINST MARIA SOSA AND HER ATTORNEY
FOR FILING THESE RETALIATORY SANCTIONS AND FRIVOLOUS CASE.

Please see, Exhibits, #A, #1, #2, #3, #4, #5, #6, Defendant is requesting Judicial Notices, in
support and in opposition to Plaintiff and her lawyer's oppositions to this demurrer as pleaded.

3.

## DEMURRER TO CAUSE OF ACTION FOR MONEY DAMAGES:

The money damages cause of action fails to state facts sufficient to constitute a cause of

Action as Plaintiff lacks standing to assert any claims against this Moving Defendant in that

Plaintiff, is not the SINGULAR owner of the said property, has never SINGULARLY, possessed the
property at issue September 18th , 2008, and has no legally verifiable rights to possession which
is now at issue and is in controversy. Plaintiff committed frauds in claiming all rights as claimed,
and the case must be dismissed with prejudice.

Please see exhibits # AAA(i), (ii), (iii), (iv), (v).

And please see, Exhibits, #A, #1, #2, #3, #4, #5, #6, Defendant is requesting Judicial Notices, in
support and in opposition to Plaintiff and her lawyer's oppositions to this demurrer as pleaded.

////

11

4.

## DEMURRER TO DEFAULT JUDGMENT CLAIM CAUSE OF ACTION:

The Default Judgment cause of action fails to state facts sufficient to constitute a cause of

action as Plaintiff lacks standing to assert any claims against this Moving Defendants in that

Plaintiff, is not the SINGULAR owner of the said property, has never SINGULARLY possessed the

property at issue since SEPTEMBER 18th , 2008, and has no legally verifiable rights to possession

which is now at issue and is in controversy. Plaintiff committed frauds in claiming all rights as

claimed, and the case must be dismissed with prejudice.

 This demurrer is based upon this notice of demurrer and demurrer, the memorandum of

points and authorities in support thereof, served and filed herewith, the complete court

records on file in this action and  upon such other further written or oral evidence which may

be presented at the time of hearing of this motion.

DATED: August 10th, 2014.

NATHANIEL BASOLA SOBAYO,

SIGNATURE of Defendant, In Pro Per Without Attorney.

////

////

////

////

12

## 1. PRELIMINARY STATEMENT

Plaintiff, and Series of other Co-conspirators, UNDER THE COLOR OF LAW, illegally and unlawfully bring this (FRIVOLOUS) action on the behalf of themselves.

Defendants respectfully come before this Honorable Court in the instant cause as a Pro Se litigant, Defendants relied on Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), where the Court stated that;

"A Pro Se litigant's pleading are to be construed liberally and to a less stringent standard than formal pleadings drafted by lawyers…If a Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so despite the Plaintiff's failure to site proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction or his unfamiliarity with pleading requirements" (Citation Omitted)."

See also Riley v. Greene, 149 F. Supp. 2d 1256 (D. Colo. 2001)

### THE REMOVED CASE

1. The removed case is a limited civil action, AS A RETALIATION, fraudulently, illegally, and unlawfully filed on,  July 08th, 2014, in the CALIFORNIA SUPERIOR COURT, as captioned on page one.

### PAPERS FROM REMOVED ACTION

2. As required by 28 U.S.C. § 1446(a) and Local Rule of this Court, copies of all process, pleading, orders, and other papers or exhibits filed in the State Court are attached and or will be provided as Exhibit 1, as soon as it is feasible to do so.

### THE REMOVAL IS TIMELY

3. Plaintiff and their series of co-conspirators commenced this action on JULY-08-2014 , and have not properly  and legally FILED THIS ACTION AGAINST Defendant(s) as required by laws and statutes, IN THAT PLAINTIFF LACK STANDING TO FILED THE INSTANT ACTION, all required NOTICES AND SERVICES HAVE ACCORDING TO FEDERAL AND STATE LAWS, AND THE CONSTITUTIONS BEEN VOILATED AS WELL AS THE VIOLATIONS OF DUE PROCESS LAWS OF UNITED STATES CONSTITUTION, AND THESE VIOLATIONS ARE REPUGNANT TO THE UNITED STATES CONSTITUTION AND THE STATE CONSTITUTION.

THE NOTICES AND SERVICE OF SUMMONS WERE FRIVOLOUSLY FILED AND SERVED, ON THE PREMISES OF THE SUBJECT PROPERTY, IN CONTRADICTION OF THE LAWS OF UNITED STATES OF AMERICA.

Hence, this Notice of Removal is timely of the initial NOTICES and pleading and within one year of the commencement of the action.

THE VENUE REQUIREMENT IS MET


4. Venue of this removal is proper under 28 U.S.C. §§ 1441(a) in the NORTHERN District of California, SAN FRANCISCO Division because the COUNTY OF SAN MATEO, SUPERIOR COURT OF CALIFORNIA, is within the Northern District and SAN FRANCISCO Division.

WHEN THIS COURT GRANTS THE LEAVE OF COURT TO APPROVING THE JOINDER OF ALL OTHER NECESSARY PARTIES
DIVERSITY OF CITIZENSHIP WILL EXIST BETWEEN PARTIES

IN THIS COMPLAINT,

A CURRENTLY EXISTING

COUNTY OF SAN MATEO, CALIFORNIA SUPERIOR COURT

RELATED CASE : CLJ209779

FOR WHICH NOTICES OF RELATED CASES MAY OR MAY NOT BE FURTHER FILED AS SOON AS FEASIBLE.

A SEPARATE, YET RELATED FEDERAL TITLE 42 CASE IS BEING PREPARED AND WILL BE FILED AGAINST ALL CO-CONSPIRATORS, AND THESE PLAINTIFF AS SOON AS FEASIBLE.

MOTIONS FOR CONSOLIDATION AND COORDINATION OF ALL THESE APPARENT AND ACTUAL CASES ARE BEING PREPARED AND WILL BE FILED AS SOON AS THEY ARE FEASIBLE.

THE PARTIES

**5. MARIA SOSA, Plaintiff,**

vs.

**NATHANIEL BASOLA SOBAYO, dba Kingsway Capital Partners, LLC and DOES 1 to 5, inclusive,**

Defendant.

14

**IF APPROVED BY LEAVE OF THIS COURT MANY OTHER NECESSARY PARTIES TO THIS CASE ARE TO BE JOINED BY JOINDER MOTIONS.**

7. Defendant and Plaintiff, are yet to be authenticated, as individuals and or fictional entities, residing in, or within this judicial district, and as citizens of the State of California and other States, which therefore creates the diversity of citizenship.

ADDITIONAL GROUNDS FOR REMOVAL



8. Plaintiff her lawyer are actually and apparently "Debt Collectors" as defined by FDCPA 15 U.S.C. § 1692a, but frivolous and fraudulent.

9. Defendant alleges Plaintiff and others yet to be identified violated Defendant's rights as defined by 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692g(a)(3), and 15 U.S.C. § 1692g(a)(5) of the Fair Debt Collection Practices Act ("FDCPA").

10. FDCPA 15 U.S.C. § 1692k(d) states "An action to enforce any liability created by this title may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

11. Defendant's counter-complaint and an evolving title 42 CIVIL ACTION for FDCPA violations is an action to enforce Plaintiff's liability created by violations of Defendant's rights under FDCPA.

12. Thus, the state Court action may be removed to this Court by defendant in accordance with the provisions of 28 U.S.C. § 1441(a) because

(i)     this action is a civil action pending within the jurisdiction of the United States District Court for the NORTHERN District of CALIFORNIA, San Francisco Division;

(ii)     Defendant's COUNTER-complaint and other evolving COMPLAINT for FDCPA violations is an action to enforce Plaintiff's liability created by violations of Defendant's rights under FDCPA.

FILING OF REMOVAL PAPERS

13. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action will be promptly served to Plaintiff and that a Notice of Filing, Notice of Removal will be filed

15

with the Clerk of the CALIFORNIA SUPERIOR COURT, COUNTY OF SAN
MATEO; and that the same was also filed with the DISTRICT COURT AS
CAPTIONED HEREIN ABOVE.

A true and correct copy of this Notices may be attached hereto as Exhibit 2.

WHEREFORE, Defendants hereby removes the above captioned action from the

California Superior Court, County of San Mateo, and requests that further proceedings be
conducted in this Court as provided by law.

**Defendants without Attorney**
***NATHANIEL BASOLA SOBAYO and DOES 1to5, inclusive,***

HEREBY CERTIFY, that a true and correct copy of the forgoing was sent via US mail
to Plaintiff and her lawyer; ***MARIA SOSA*** Plaintiff,

represented by : LAW OFFICES OF DAN BEATTY,(SBN 153462);

1771 WOODSIDE ROAD, REDWOOD CITY, CA 94061

TELEPHONE:650-367-1771. FACSIMILI:650-616-3924.          Email:

Respectfully Submitted,

**Defendant without Attorney**
***NATHANIEL BASOLA SOBAYO and DOES 1to5, inclusive,***

***Dated: 8-11-2014.***

16

## PROOF FO SERVICE

I, CHRISTOPHER F. WUILLEMIN, here certify, under penalty of perjury, under the laws of the **United States of**

**America**, that I am at least 18 years of age, a Citizen of ONE OF the counties of **United States of America**, and that I

personally served the following document(s):

**This Notice of Removal:** by going to file one true and correct copy, with,

## CLERK OF THE COURT

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO

400 COUNTY CENTER, REDWOOD CITY, CALIFORNIA, 94063.

I, CHRISTOPHER F. WUILLEMIN, hereby certify, under penalty of perjury, under the laws; by placing copy of said document(s) in

first class United States Mail, with postage prepaid and properly addressed to the following:

**SEE**

**LIST OF RECIPIENTS ON NEXT PAGE.**

**Clerk of Court:**

(1 Original and 2 copies to be taken to Court's clerk and to be filed in person)

**@ CLERK OF THE COURT**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
400 COUNTY CENTER, REDWOOD CITY, CALIFORNIA, 94063.

Courtesy copies to: All named PLAINTIFF(S) by process server and or in person services of all named and yet to be named, at
their last known addresses of records.

Alternatively Copies may be personally delivered, faxed and also mailed in East Palo Alto, or anywhere in CALIFORNIA, USA

**PROOF OF SERVICE      LIST OF RECIPIENTS**

**PLAINTIFFS, DEFENDANTS, LAWYERS OR LAW FIRMS TO BE SERVED**

**#1* CLERK OF THE COURT**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO

400 COUNTY CENTER, REDWOOD CITY, CALIFORNIA, 94063.

TELEPHONE:  - -                    FACSIMILI:  - -            Email:

17

#2*

LAW OFFICES OF DAN BEATTY,(SBN 153462);

1771 WOODSIDE ROAD, REDWOOD CITY, CA 94061

TELEPHONE:650-367-1771. FACSIMILI:650-616-3924.          Email:

#3*

NAME OF :ALL OTHER PLAINTIFFS ON THE LIST WILL BE PERSONALLY SERVED AT THE LAST KNOWN ADDRESSES OF EACH.

Name: MARIA SOSA

ADDRESS: 2154 A UNIVERSITY AVENUE, EAST PALO ALTO, CA 94303.

PHONE: 408-661-9984          FAX:

I declare under penalty of perjury, that he foregoing is true and correct, and that this declaration was executed on

Dated: AUGUST 11TH, 2014.

Signed:

Printed: CHRISTOPHER F. WUILLEMIN

1  Nathaniel Basola Sobayo, Defendant,
   Dba:
2  KINGSWAY CAPITAL PARTNERS, LLC;
   2148 UNIVERSITY AVENUE, EAST PALO ALTO, CALIFORNIA 94303
3  UNITED STATES OF AMERICA.

4  Phone: 650-323-1849.      Fax: 650-228-2492.

5  E-MAIL:Nathaniel.sobayo@gmail.com

6  Defendant, In Pro Per
   Without Attorney

7

**ENDORSED FILED**
**SAN MATEO COUNTY**

AUG 1 1 2014

Clerk of the Superior Court
By  HENRY CAJBON
      DEPUTY CLERK

8  **Superior Court of the State of California For the County of San Mateo**

9  HALL OF JUSTICE COUNTY OF SAN MATEO, 400 COUNTY CENTER REDWOOD CITY, CALIFORNIA 94064, CIVIL DIVISION; UNLIMITED CIVIL ACTION

10

11  MARIA SOSA. Plaintiff,

12

13           vs.

14  NATHANIEL BASOLA SOBAYO,

15  and DOES 1-5

16           Defendant.

17

| | |
|---|---|
| ) | Case No. CLJ 209779 |
| ) | **RESPONSE TO OPPOSITION OF PLAINTIFF** |
| ) | **RE: NOTICE OF DEMURRER;** |
| ) | **DEMURRER TO COMPLAINT;** |
| ) | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| ) | **AND** |
| ) | **MOTION TO JOIN OTHER NECESSARY PARTIES** |
| ) | |
| ) | **DATE: August 15th , 2014** |
| ) | **TIME: 9:00 a.m.** |
| ) | **DEPT: LAW & MOTION** |
| ) | |

18  **RESPONSE OF DEFENDANT  TO OPPOSITION OF PLAINTIFF MARIA SOSA AND HER**
19  **LAWYER**

20  Defendant, NATHANIEL BASOLA SOBAYO, DBA: KINGSWAY CAPITAL PARTNERS, LLC;
21  will and hereby does move the Court for an order sustaining general demurrers to each, to every, and
    all Causes of action in Plaintiff's Complaint.

22
    This demurrer is made pursuant to *Code of Civil Procedure* § 430.10(e) on the grounds that each,
23

24  every, and all causes of action in Plaintiff's Complaint fail to state sufficient facts to constitute causes

25  of action as Plaintiff lacks standing to assert any claims against this Moving Defendant.

26  ////

27  ////

28

②

**These following reasons are set forth, as to why Plaintiff lacks standing to sue, this instant defendant.**

1.  Plaintiff, is not the owner of the said property, has never possessed the property at issue, since SEPTEMBER 18, 2008, and has no verifiable rights to possession contradicting this fact, which is now at issue and is in controversy. The title of the property belongs to A LIVING TRUST NOT TO MARIA SOSA, AS IT HAS BEEN REPRESENTED TO THIS DEFENDANT.

    Please see exhibits # AAA(i), (ii), (iii), (iv), (v).

2.  Plaintiff claims rights and or standing to sue, but provides no verifiable legal documents nor evidence, to legally justify the claims. Plaintiff has committed identity fraud and impersonation which is contrary to United States Laws.

    Please see exhibits # AAA(i), (ii), (iii), (iv), (v).

3.  Hearsay claims of ownership, including any and all claims of possession of the property at issues by MARIA SOSA, as purported Plaintiff are clearly illegal and without facts nor legally verifiable evidences, that is known to this defendant.

4.  THE OWNER OR OWNERS AND THE REAL PARTY OR PARTIES INTEREST ARE YET TO BE IDENTIFIED, BY THIS DEFENDANT SO THAT BOTH FEDERAL AND CALIFORNIA VIOLATIONS OF LAW(S) CAN BE INITIATED.

5.  FEDERAL AND CALIFORNIA LOW INCOME HOUSING TAX CREDIT LAWS HAVE BEEN VIOLATED AND THE OWNER AND OR OWNERS ARE LIABLE, BUT NOT LIMITED TO MANY FEDERAL LAW VIOLATIONS ; AND

    SECTION 42 OF THE FEDERAL INTERNAL REVENUE CODE;

    SECTION 50199.4 et seq. OF THE CALIFORNIA HEALTH AND SAFETY CODE,

RESPONSE OF DEFENDANT TO OPPOSITION OF PLAINTIFF RE:
NOTICE OF DEMURRER AND DEMURRER TO COMPLAINT

SECTIONS 12206, 17068 AND 23610.5 OF THE CALIFORNIA REVENUE AND

TAXATION CODE;

INCLUDING THE VIOLATIONS OF RELATED REGULATIONS AS PROMULGATED

BY TAX CREDIT ALLOCATION COMMITTEE, AS WELL AS ALL LAWS AND

REGULATIONS GOVERNING ANY AND ALL CONDITIONS APPLICABLE TO THE

INSTANT PROPERTY, ARE CURRENTLY; NOW AT ISSUES.

6. VIOLATIONS OF THE FEDERAL UNITED STATES DUE PROCESS LAW, BASED OF

THE FIRST AND FOURTHEENTH AMENDMENT OF THE UNITED STATES

CONSTITUTION, ARE HEREIN ALLEGED AND COMPLAINED ABOUT AGAINST

THIS PLAINTIFF MARIA SOSA AND THE REAL PARTIES IN INTERESTS.

The additional grounds for this Demurrer are further set forth below.

## DEMURRER TO PLAINTIFF'S  ILLEGAL COMPLAINT  IS WITHOUT MERITS.

This demurrer is made pursuant to *Code of Civil Procedure* §430.10 on the grounds that, all

the causes of Action of the PLAINTIFF's Complaint fail to state facts sufficient to constitute a cause

of action against this Moving Defendant, in the name of NATHANIEL BASOLA SOBAYO.

Moving Defendant hereby generally demurs to Plaintiff's Complaint on each of the following

grounds:

1.

DEMURRER TO ALL OF PLAINTIFF's CAUSES OF ACTION:

The each and every and all causes of action fail to state facts sufficient to constitute any

causes of action as Plaintiff lacks standing to assert any claims against this Moving Defendant

in that Plaintiff, is not the owner of the said property as claim in contrast to county recorders

office, has never singularly possessed the property at issue, and has no legally verifiable rights

to possession as claimed and as made known to this defendant Nathaniel Basola Sobayo; which property is now at issue and is in controversy.

2.

DEMURRER TO CAUSE OF ACTION FOR CLAIM FOR POSSESSION:

The claim of possession cause of action fails to state facts sufficient to constitute a cause of action as Plaintiff lacks standing to assert any claims against this Moving Defendant in that Plaintiff, is not the singular nor clear owner of the said property, has never singularly possessed the property at issue, and has no legally verifiable rights to possession which is now at issue and is in controversy. Plaintiff committed frauds in claiming all rights as claimed, and the case must be dismissed with prejudice, because this DEFENDANT has a legally viable claim of **$1,630,500.00** owed by this purported owner and plaintiff, MARIA SOSA, AND THE LIVING TRUST, as damages done to Defendants property, and this was clearly made known to Maria Sosa, her attorney DAN BEATTY, WHO ORCHESTRATED AND PREPARED THE LIVING TRUST IN 2008, AS ALLEGED; AND ALL OTHERS CLAIMING INTERESTS IN THE SUBJECT PROPERTY;

**but yet all of these interested parties and particularly attorney DAN BEATTY, continue to ignore the UNDIPUTED FACTS , and instead filed this illegal FRIVOLOUS AND RETALIATORY UNLAWFUL DETAINER ACTION, WHICH THEY CLEARLY HAVE NO STANDING BY LAW TO FILE.**

////

5

1   For this reasons, this Court has NO SUBJECT MATTER JURISDICTION OVER THIS

2   DEFENDANT, NOR OVER THIS CASE CURRENT AT BAR.

3   THE CASE MUST BE DISMISS WITH PREJUDICE.

4   DEFENDANT IS REQUESTING FOR SANCTIONS AGAINST MARIA SOSA AND HER

5   ATTORNEY FOR FILING THESE RETALIATORY SANCTIONS AND FRIVOLOUS CASE.

6

7   Please see, Exhibits, #A, #1, #2, #3, #4, #5, #6, Defendant is requesting Judicial Notices, in support

8   and in opposition to Plaintiff and her lawyer's oppositions to this demurrer as pleaded.

9   3.

10  DEMURRER TO CAUSE OF ACTION FOR MONEY DAMAGES:

11
    The money damages cause of action fails to state facts sufficient to constitute a cause of
12
13  Action as Plaintiff lacks standing to assert any claims against this Moving Defendant in that

14  Plaintiff, is not the SINGULAR owner of the said property, has never SINGULARLY, possessed the

15  property at issue September 18th , 2008, and has no legally verifiable rights to possession which is

16  now at issue and is in controversy. Plaintiff committed frauds in claiming all rights as claimed, and

17  the case must be dismissed with prejudice.
18
19  Please see exhibits # AAA(i), (ii), (iii), (iv), (v).

20  And please see, Exhibits, #A, #1, #2, #3, #4, #5, #6, Defendant is requesting Judicial Notices, in

21  support and in opposition to Plaintiff and her lawyer's oppositions to this demurrer as pleaded.

22  4.
23
24  DEMURRER TO DEFAULT JUDGMENT CLAIM CAUSE OF ACTION:

25  The Default Judgment cause of action fails to state facts sufficient to constitute a cause of

26  action as Plaintiff lacks standing to assert any claims against this Moving Defendants in that Plaintiff,

27  is not the SINGULAR owner of the said property, has never SINGULARLY possessed the property

28



⑥

1  at issue since SEPTEMBER 18th, 2008, and has no legally verifiable rights to possession which is

2  now at issue and is in controversy. Plaintiff committed frauds in claiming all rights as claimed, and

3  the case must be dismissed with prejudice.

4  This demurrer is based upon this notice of demurrer and demurrer, the memorandum of points and

5  

6  authorities in support thereof, served and filed herewith, the complete court records on file in this

7  action and  upon such other further written or oral evidence which may be presented at the time of

8  hearing of this motion.

9  

10  DATED: August 10th, 2014.

11  

12  

13  NATHANIEL BASOLA SOBAYO,

14  

15  SIGNATURE of Defendant, In Pro Per Without Attorney.

16  ////
    ////
17  ////
    ////
18  ////
    ////
19  ////
    ////
20  ////
    ////
21  ////
    ////
22  ////

23  

24  

25  

26  

27  

28  

RESPONSE OF DEFENDANT TO OPPOSITION OF PLAINTIFF RE:
NOTICE OF DEMURRER AND DEMURRER TO COMPLAINT

⑦

1  EXHIBITS AND ATTACHMENTS
   ALL ATTACHMENT AND EXHIBITS ATTACHED
2  AS A SUPLIMENTAL DECLARATIONS OF NATHANIEL BASOLA SOBAYO BEFORE THE
   HEARING DATE OF THIS MOTIONS.
3

4  Nathaniel Basola Sobayo, Defendant,
   Dba:
5  KINGSWAY CAPITAL PARTNERS, LLC;
   2148 UNIVERSITY AVENUE, EAST PALO ALTO, CALIFORNIA 94303
6  UNITED STATES OF AMERICA.

7  Phone: 650-323-1849.       Fax: 650-228-2492.

8  E-MAIL:Nathaniel.sobayo@gmail.com

9  Defendant, In Pro Per
   Without Attorney

10

11 **Superior Court of the State of California For the County of San Mateo**

   HALL OF JUSTICE COUNTY OF SAN MATEO, 400 COUNTY CENTER REDWOOD CITY,
12 CALIFORNIA 94064, CIVIL DIVISION; UNLIMITED CIVIL ACTION

13

14 MARIA SOSA. Plaintiff,                  ) Case No. CLJ 209779
                                           ) EXHIBITS AND ATTACHMENTS
15                                         )
                                           )
16         vs.                             ) **NOTICE OF DEMURRER;**
                                           ) **DEMURRER TO COMPLAINT;**
17 NAATHANIEL BASOLA SOBAYO,               ) **MEMORANDUM OF POINTS AND AUTHORITIES**
                                           ) **AND**
                                           ) **MOTION TO JOIN OTHER NECESSARY PARTIES**
18 and DOES 1-5                            )
                                           ) **DATE: AUGUST 15, 2014**
19         Defendant.                      ) **TIME: 9:00 a.m.**
                                           ) **DEPT:LAW & MOTIONS**
20

21 _____

22
   EXHIBITS AND ATTACHMENTS
23 ALL ATTACHMENT AND EXHIBITS ATTACHED
   AS A
24 SUPLIMENTAL DECLARATIONS OF
   NATHANIEL BASOLA SOBAYO BEFORE THE HEARING DATE OF THIS MOTIONS.
25

26 AUGUST 10, 2014.

27

28 NATHANIEL BASOLA SOBAYO.

                    _    _
        RESPONSE OF DEFENDANT TO OPPOSITION OF PLAINTIFF RE:
           NOTICE OF DEMURRER AND DEMURRER TO COMPLAINT

Exhibits #AAA(i)(ii)(iii)(iv)(v)

*Exhibit AAA-(i)* ⑨

Recording Requested By, &
Maria G. Sosa
475 Bell Street
East Palo Alto, CA 94303
MAIL TAX STATEMENT TO:
Maria G. Sosa
475 Bell Street
East Palo Alto, CA 94303

APN: 063-321-091 & 063-321-092

**2008-106994**
09:18am 09/24/08 DE Fee: 12.00
Count of pages 2
Recorded in Official Records
County of San Mateo
Warren Slocum
Assessor-County Clerk-Recorder

\* 2 0 0 8 1 0 6 9 9 4 A R \*

## GRANT DEED TO LIVING TRUST

The undersigned grantors declare: Documentary Transfer Tax is $-0-, The realty is not sold, transferred to a revocable living trust. Exempt per R&T §62(d)

DAN BEATTY, Attorney at Law

**FOR NO CONSIDERATION**, receipt of which is hereby acknowledged, Maria Sosa aka Maria G. Sosa, an unmarried woman, hereby GRANTS to Maria G. Sosa, Trustee of the Maria G. Sosa Trust, Dated: September 18, 2008, the following real property in the City of East Palo Alto, County of San Mateo, State of California, described as:

### See Exhibit "A" for property description

Dated: 9-18-08

MARIA G. SOSA

STATE OF CALIFORNIA

                                )SS.

COUNTY OF SAN MATEO

On 9/18/2008, before me, Steve Paul Mortiboys a Notary Public, in and for said State, personally appeared Maria G. Sosa, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by signature on the instrument the person, or the entity on behalf of which the persons acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

STEVEN PAUL MORTIBOYS
COMM. # 1555159
NOTARY PUBLIC-CALIFORNIA
SAN MATEO COUNTY
COMM. EXP. FEB. 26, 2009

### MAIL TAX STATEMENTS AS DIRECTED ABOVE

EXHIBIT "A"    EXHIBIT AAA (10)(11)

Property Description

All that certain real property situate in the City of East Palo Alto, County of San Mateo, State of California, described as follows:

Portion of Lots 6 and 7 and of an abandoned alley in Block 14, as designated on the Map entitled, "Map of Woodland Place, Subdivision No. 1 of Ravenswood, San Mateo County, California", filed in the office of the Recorder of the County of San Mateo, State of California on August 1, 1910, in Book 7 of Maps at Page 24, more particularly described as follows:

Beginning at a point on the Easterly line of University Avenue, distant thereon North 3° 00' East 460.00 feet from the Northerly line of Donohoe Street; Thence from said point of beginning along said line of University Avenue, North 3°00' East 75.00 feet to the Southwest corner of lands conveyed to Galen C. Gilbrech and wife, by Deed recorded May 14, 1945 in Book 1169, at Page 487, Official Records; thence along the Southerly boundary of land so conveyed , South 87° 00' East 150 feet; thence South 3° 00' West 75.00 feet; thence North 87° 00' West 150 feet to the point of beginning.

# CURRENT INFORMATION

**Summary of Property Details** 

*EXHIBIT "AAA(iii)"*

| | |
|---|---|
| **APN:** | 063321410 |
| **Owner 1:** | Sosa Maria G Tr |
| **Owner 2:** | Sosa Maria G Trust |
| **Care Of:** | |
| **Owner Address:** | 475 Bell St |
| | East Palo Alto  CA |
| | 94303- |
| **Situs Address:** | 2148 University Ave |
| | East Palo Alto |
| **Legal Description:** | 11250 SQ FT MOL PTNS OF LOTS 6,7 BLK 1 WOODLAND PLACE SUB 1 RSM 7/24 & PTN ABAND. |
| **District:** | 5 |
| **Neighborhood:** | 002 |

Sales History
Tax Collectors Website
Print Page

## Secured Assessment Roll: 2014-1

### Assessee Details

| | |
|---|---|
| **Owner 1:** | SOSA MARIA G TR |
| **Owner 2:** | SOSA MARIA G TRUST |
| **Care Of:** | |
| **Owner Address:** | 475 BELL ST<br>EAST PALO ALTO, CA 94303 |
| **Document Number:** | 2008106994 |

### Assessment Values

| | |
|---|---|
| **Land:** | $185,389 |
| **Temp Land:** | |
| **Root:** | |
| **Min/Mineral:** | |
| **Improvements (Structure):** | $289,981 |
| **Temp Improvements (Structure):** | |
| **Fixtures:** | |
| **Total Gross:** | $475,370 |
| **Total Temp:** | |
| **Exemption - Home Owner:** | |
| **Exemption - Other:** | |
| **Net Assessed:** | $475,370 |

### Current Tax Rate Area

| | |
|---|---|
| GENERAL TAX RATE | GENERAL COUNTY TAX |
| FREE LIBRARY | EPA GATEWAY -101- REDEVELOPMENT |
| RAVENSWOOD ELEM GENRL PURPOSE | RAVENSWOOD EL BD SER 96 |
| RAVENSWOOD ELM BD 2000 SER A | RAVENSWOOD ELM BD 2000 |
| RAVENSWOOD EL BND 2000 D | RAVENSWOOD EL RFND SER |
| SEQUIA HIGH BOND SER 97 A | SEQUOIA HIGH BOND SER 19 |
| SEQUIA HIGH BD SER 02 A | SEQUOIA HI BOND SER 02 B |
| SEQUOIA UNION HI. BND SER 2005 | SEQUOIA HIGH 2005 RFND B ISSUE 1 |
| SEQUOIA HI BOND 2005 SER B | SEQUOIA HI RFND SER 2007 |
| SEQUOIA UNION HI BOND 2008 SER B | SEQUOIA UNION HI BOND 20 SER C |

### Current Jurisdictions

| | |
|---|---|
| **Supervisorial:** | 4 |
| **Congressional:** | 14 |
| **Assembly:** | 24 |
| **Senatorial:** | 13 |
| **Election Precinct:** | 4015 |



Exhibit #AAA(iv)

## CURRENT INFORMATION

**Summary of Property Details**

| | |
|---|---|
| **APN:** | 063321410 |
| **Owner 1:** | Sosa Maria G Tr |
| **Owner 2:** | Sosa Maria G Trust |
| **Care Of:** | |
| **Owner Address:** | 475 Bell St |
| | East Palo Alto CA |
| | 94303- |
| **Situs Address:** | 2148 University Ave |
| | East Palo Alto |
| **Legal Description:** | 11250 SQ FT MOL PTNS OF LOTS 6,7 BLK 14 WOODLAND PLACE SUB 1 RSM 7/24 & PTN ALLEY ABAND. |
| **District:** | 5 |
| **Neighborhood:** | 002 |

### Property Use Details

**STORE (11)**

| | |
|---|---|
| Land Area (sq. ft.): | 11250 |
| Year Built: | 1961 |
| Gross Bldg Area (sq. ft.): | 6000 |

Secured Assessment Roll: 2014-1

| Assessee Details | | Assessment Values | | Assessment Details | |
|---|---|---|---|---|---|
| **Owner 1:** | SOSA MARIA G TR | **Land:** | $185,389 | **Assessment Type:** | Annual |
| | | **Temp Land:** | | | |
| **Owner 2:** | SOSA MARIA G TRUST | **Root:** | | **Temp Code:** | |
| | | **Min/Mineral:** | | | |
| **Care Of:** | | **Improvements (Structure):** | $289,981 | **Notice Date:** | |
| | | **Temp Improvements (Structure):** | | | |
| **Owner Address:** | 475 BELL ST | **Fixtures:** | | **Change #:** | |
| | EAST PALO ALTO, CA 94303 | **Total Gross:** | $475,370 | **TRA:** | 021054 |
| | | **Total Temp:** | | | |
| | | **Exemption - Home Owner:** | | **PUC:** | 11 |
| | | **Exemption - Other:** | | | |
| **Document Number:** | 2008106994 | **Net Assessed:** | $475,370 | **PUC Description:** | Store |

### Current Jurisdictions

| | |
|---|---|
| **Supervisorial:** | 4 |
| **Congressional:** | 14 |
| **Assembly:** | 24 |
| **Senatorial:** | 13 |
| **Election Precinct:** | 4003 |
| **City Name:** | EAST PALO ALTO |
| **Zip Code:** | 94303 |
| **Mitigation Fee Area:** | None Assigned |

### Current Tax Rate Area #021054

| | | |
|---|---|---|
| GENERAL TAX RATE | GENERAL COUNTY TAX | COUNTY DEBT SERVICES |
| FREE LIBRARY | EPA GATEWAY -101- REDEVELOPMENT | CITY OF EAST PALO ALTO |
| RAVENSWOOD ELEM GENRL PURPOSE | RAVENSWOOD EL BD SER 96 A | RAVENSWOOD ELM BOND SER 96 B |
| RAVENSWOOD ELM BD 2000 SER A | RAVENSWOOD ELM BD 2000 SER B | RAVESNWOOD EL BOND SER 2000C |
| RAVENSWOOD EL BND 2000 D | RAVENSWOOD EL RFND SER | SEQUOIA HIGH GENRL PURPOSE |
| SEQUOIA HIGH BOND SER 97 A | SEQUOIA HIGH BOND SER 1998 | SEQUOIA HIGH BOND SER 1999 |
| SEQUOIA HIGH BD SER 02 A | SEQUOIA HI BOND SER 02 B | SEQUOIA HI REFUND SER 03 A |
| SEQUOIA UNION HI. BND SER 2005 | SEQUOIA HIGH 2005 RFND BND ISSUE 1 | SEQUOIA HI 2005 RFND BND ISSUE 2 |
| SEQUOIA HI BOND 2005 SER B | SEQUOIA HI RFND SER 2007 | SEQUOIA UNION HI BOND 2008 SER A |
| SEQUOIA UNION HI BOND 2008 SER B | SEQUOIA UNION HI BOND 2008 SER C | SEQUOIA UNION HI 2011 GO REFUNDING |
| SEQUOIA UNION HI BOND 2008 SER C SINKING | SM JR COLLEGE GEN PUR | SM JR COLLEGE BD 2002 |
| SM JR COLL BOND SER 2005 B | SM JR COLL BOND 2001 SER C | SM JR COLL BOND 2006 SER A |
| SAN MATEO COMM COLL 2005 SER B | SM JR COLL BOND REF 2012 | MENLO PARK FIRE DISTRICT |
| EAST PALO ALTO SANITARY DISTRICT | EPA DRAINAGE MAINTENANCE DISTRICT | RAVENSWOOD LIGHTING |
| MIDPENINSULA REG. OPEN SPACE | BAY AREA AIR QUALITY MANAGEMENT | COUNTY HARBOR DISTRICT |
| SMC MOSQUITO & VECTOR CONTROL DISTRICT | COUNTY EDUCATION TAX | |

**City Name:** EAST PALO ALTO
**Zip Code:** 94303

**Mitigation Fee Area:** **None Assigned**

EXHIBIT #AAA
(V)

SEQUOIA UNION HI BOND 2008 (13)
SER C SINKING

SM JR COLL BOND SER 2005 B

SAN MATEO COMM COLL 2005 SER
B

EAST PALO ALTO SANITARY
DISTRICT

MIDPENINSULA REG. OPEN SPACE

SMC MOSQUITO & VECTOR
CONTROL DISTRICT

SM JR COLLEGE GEN PUR

SM JR COLL BOND 2001 SER

SM JR COLL BOND REF 2012

EPA DRAINAGE MAINTENANC
DISTRICT

BAY AREA AIR QUALITY
MANAGEMENT

COUNTY EDUCATION TAX

Exhibit # A

(14)

## *COMMERCIAL LEASE*     Exhibit "A"

This Lease Agreement (this "Lease") is dated January 16, 2013, by and between MARIA SOSA, Landlord & Patrick Brock, Agent & Property Manager ("Landlord"), and Nathaniel Basola Sobayo, dba: Kingsway Capital Partners, LLC ("Tenant"). The parties agree as follows:

**PREMISES.** Landlord, in consideration of the lease payments provided in this Lease, leases to Tenant APPROXIMATELY 17 FEET WIDE AND 79 FEET IN LENGTH (the "Premises") located at 2148 UNIVERSITY AVENUE,, EAST PALO ALTO, CA 94303.

**TERM.** The lease term will begin on January 16, 2013 and will terminate on January 17, 2018.

**LEASE PAYMENTS.** Tenant shall pay to Landlord monthly installments of $1,750.00, payable in advance on the sixteen day of each month, for a total lease payment of $105,000.00. Lease payments shall be made to the Landlord at 475 BELL STREET, EAST PALO ALTO, CA 94303, which address may be changed from time to time by the Landlord.

**SECURITY DEPOSIT.** At the time of the signing of this Lease, Tenant shall pay to Landlord, in trust, a security deposit of $1,750.00 to be held and disbursed for Tenant damages to the Premises (if any) as provided by law, the sum of $1400.00, is already in deposit with landlord, the balance of $350.00, shall be paid in (14) monthly installments of $25.00, to make up the $1750.00, security deposit payment.

**POSSESSION.** Tenant shall be entitled to possession on the first day of the term of this Lease, and shall yield possession to Landlord on the last day of the term of this Lease, unless otherwise agreed by both parties in writing. At the expiration of the term, Tenant shall remove its goods and effects and peaceably yield up the Premises to Landlord in as good a condition as when delivered to Tenant, ordinary wear and tear excepted.

**USE OF PREMISES.** Tenant may use the Premises for Real Eastate Investments , Business Sales, Business Marketing, Business Management, Business Marketing Communications, International Transactions, Business Agencies, Rental Agencies, Imports & Export Services, WholeSale & Retail Services, Business Consulting Services, Business Incubator Services, Offices For East Palo Alto & Belle Haven Chamber of Commerce Services, but not limited to all relevant & partinent legally possible services and use. The Premises may be used for any other purpose with the prior written consent of Landlord, which shall not be unreasonably withheld. Tenant shall notify Landlord of any anticipated extended absence from the Premises not later than the first day of the extended absence.

**EXCLUSIVITY.** Landlord shall not directly or indirectly, through any employee, agent, or otherwise, lease any space within the property (except the Premises herein described), or permit the use or occupancy of any such space whose primary use of business is in, or may result in, competition with the Tenants primary use of business. The Landlord hereby gives the Tenant the exclusive right to conduct their primary use of business on the property.

1



**PARKING.** Tenant shall be entitled to use any and all 16 parking space(s) for the parking of the Tenant's customers'/guests' motor vehicle(s), sharing the same parking space(s) with all other tenants'/guests', on first arrived use basis for all.



**PROPERTY INSURANCE.** Landlord and Tenant shall each maintain appropriate insurance for their respective interests in the Premises and property located on the Premises. Landlord shall be named as an additional insured in such policies. Both sides shall deliver appropriate evidence to each side as proof that adequate insurance is in force issued by companies reasonably satisfactory to both sides. Both side shall receive advance written notice from the insurer prior to any termination of such insurance policies. Both sides shall also maintain any other insurance which may reasonably be required for the protection of each side's interest in the Premises.

Tenant is responsible for maintaining casualty insurance on its own property.



**RENEWAL TERMS.** This Lease shall automatically renew for an additional period of One "sixty months" or "5 years" per renewal term, unless either party gives written notice of termination no later than "60 to 90 days" "2 to 3 months" prior to the end of the term or renewal term. The lease terms during any such renewal term shall be the same as those contained in this Lease.



**MAINTENANCE.** Landlord shall have the responsibility to maintain the Premises in good repair at all times.



**UTILITIES AND SERVICES.**

Landlord shall be responsible for the following utilities and services in connection with the Premises:
- water and sewer
- The landlord will be responsible for all repairs to the building, all appurtenants, inside and outside the property, which include all plumbing, eletrical, roof, ceiling, and all fixtures, as the property is from the begining of the lease to the end of the lease.

Tenant shall be responsible for the following utilities and services in connection with the Premises:
- electricity
- gas
- heating
- garbage and trash disposal
- janitorial services
- telephone service
- Upon the begining of the lease, tenant intends to do a major lease hold improvements of the property, with the approval of the landlord and the government authorities. All such intentions, and or services will be offered in specific details in writing for approval, prior to the start of any such duties and responsibilities, to be assumed by tenant.

2

Tenant acknowledges that Landlord has fully explained to Tenant the utility rates, charges and services for which Tenant will be required to pay to Landlord (if any), other than those to be paid directly to the third-party provider.

**TAXES.** Taxes attributable to the Premises or the use of the Premises shall be allocated as follows:

REAL ESTATE TAXES. Landlord shall pay all real estate taxes and assessments for the Premises.

PERSONAL TAXES. Landlord shall pay all personal taxes and any other charges which may be levied against the Premises and which are attributable to Tenant's use of the Premises, along with all sales and/or use taxes (if any) that may be due in connection with lease payments.

**DESTRUCTION OR CONDEMNATION OF PREMISES.** If the Premises are partially destroyed by fire or other casualty to an extent that prevents the conducting of Tenant's use of the Premises in a normal manner, and if the damage is reasonably repairable within sixty days after the occurrence of the destruction, and if the cost of repair is less than $35,000.00, Landlord shall repair the Premises and a just proportion of the lease payments shall abate during the period of the repair according to the extent to which the Premises have been rendered untenantable. However, if the damage is not repairable within sixty days, or if the cost of repair is $35,000.00 or more, or if Landlord is prevented from repairing the damage by forces beyond Landlord's control, or if the property is condemned, this Lease shall terminate upon twenty days' written notice of such event or condition by either party and any unearned rent paid in advance by Tenant shall be apportioned and refunded to it. Tenant shall give Landlord immediate notice of any damage to the Premises.

**DEFAULTS.** Tenant shall be in default of this Lease if Tenant fails to fulfill any lease obligation or term by which Tenant is bound. Subject to any governing provisions of law to the contrary, if Tenant fails to cure any financial obligation within 15 days (or any other obligation within 90 days) after written notice of such default is provided by Landlord to Tenant, Landlord may take possession of the Premises without further notice (to the extent permitted by law), and without prejudicing Landlord's rights to damages. In the alternative, Landlord may elect to cure any default and the cost of such action shall be added to Tenant's financial obligations under this Lease. All sums of money or charges required to be paid by Tenant under this Lease shall be additional rent, whether or not such sums or charges are designated as "additional rent". The rights provided by this paragraph are cumulative in nature and are in addition to any other rights afforded by law.

**LATE PAYMENTS.** For any payment that is not paid within 15 days after its due date, Tenant shall pay a late fee of $26.25.

**CUMULATIVE RIGHTS.** The rights of the parties under this Lease are cumulative, and shall not be construed as exclusive unless otherwise required by law.

3

(18)

**NON-SUFFICIENT FUNDS.** Tenant shall be charged $28.00 for each check that is returned to Landlord for lack of sufficient funds.

**REMODELING OR STRUCTURAL IMPROVEMENTS.** Tenant shall have the obligation to conduct any construction or remodeling (at Tenant's expense) that may be required to use the Premises as specified above. Tenant may also construct such fixtures on the Premises (at Tenant's expense) that appropriately facilitate its use for such purposes. Such construction shall be undertaken and such fixtures may be erected only with the prior written consent of the Landlord (which shall not be unreasonably withheld) Tenant shall may install awnings or advertisements on any part of the Premises with Landlord's prior written consent. At the end of the lease term, Tenant shall be entitled to remove (or at the request of Landlord shall remove) such fixtures, and shall restore the Premises to substantially the same condition of the Premises at the commencement of this Lease.

**INDEMNITY REGARDING USE OF PREMISES.** To the extent permitted by law, Tenant agrees to indemnify, hold harmless, and defend Landlord from and against any and all losses, claims, liabilities, and expenses, if any, which Landlord may suffer or incur in connection with Tenant's possession, use or misuse of the Premises, except Landlord's act or negligence.

**DANGEROUS MATERIALS.** Tenant shall not keep or have on the Premises any article or thing of a dangerous, flammable, or explosive character that might substantially increase the danger of fire on the Premises, or that might be considered hazardous by a responsible insurance company, unless the prior written consent of Landlord is obtained and proof of adequate insurance protection is provided by Tenant .

**COMPLIANCE WITH REGULATIONS.** Tenant shall promptly comply with all laws, ordinances, requirements and regulations of the federal, state, county, municipal and other authorities, and the fire insurance underwriters. However, Tenant shall not by this provision be required to make alterations to the exterior of the building or alterations of a structural nature, without prior written consent of landlord or the government authorities.

**MECHANICS LIENS.** Neither the Tenant nor anyone claiming through the Tenant shall have the right to file mechanics liens or any other kind of lien on the Premises and the filing of this Lease constitutes notice that such liens are invalid. Further, Tenant agrees to (1) give actual advance notice to any contractors, subcontractors or suppliers of goods, labor, or services that such liens will not be valid, and (2) take whatever additional steps that are necessary in order to keep the premises free of all liens resulting from construction done by or for the Tenant.

4

**NOTICE.** Notices under this Lease shall not be deemed valid unless given or served in writing and forwarded by mail, postage prepaid, addressed as follows:

## LANDLORD:

MARIA SOSA, Landlord & Patrick Brock, Agent & Property Manager
Care of : 475 BELL ST,
EAST PALO ALTO, CA 94303

## TENANT:

Nathaniel Basola Sobayo, dba: Kingsway Capital Partners, LLC
P.O.BOX 1052
PALO ALTO, California 94302

Such addresses may be changed from time to time by any party by providing notice as set forth above. Notices mailed in accordance with the above provisions shall be deemed received on the third day after posting.

**GOVERNING LAW.** This Lease shall be construed in accordance with the laws of the State of California.

**ENTIRE AGREEMENT/AMENDMENT.** This Lease Agreement contains the entire agreement of the parties and there are no other promises, conditions, understandings or other agreements, whether oral or written, relating to the subject matter of this Lease. This Lease may be modified or amended in writing, if the writing is signed by the party obligated under the amendment.

**SEVERABILITY.** If any portion of this Lease shall be held to be invalid or unenforceable for any reason, the remaining provisions shall continue to be valid and enforceable. If a court finds that any provision of this Lease is invalid or unenforceable, but that by limiting such provision, it would become valid and enforceable, then such provision shall be deemed to be written, construed, and enforced as so limited.

**WAIVER.** The failure of either party to enforce any provisions of this Lease shall not be construed as a waiver or limitation of that party's right to subsequently enforce and compel strict compliance with every provision of this Lease.

**BINDING EFFECT.** The provisions of this Lease shall be binding upon and inure to the benefit of both parties and their respective legal representatives, successors and assigns.

5

**LANDLORD:**

_____  Date: 1-29-13
MARIA SOSA, Landlord & Patrick Brock, Agent & Property Manager          1-16-13

**TENANT:**
**Nathaniel Basola Sobayo, dba: Kingsway Capital Partners, LLC**

By: _____  Date: 1-29-13
Nathaniel Basola Sobayo                         1-16-13

6

Exhibit #1

(21)

NATHANIEL BASOLA SOBYO, Plaintiff,                    MAY 24th , 2014.  (22)
KINGSWAY CAPITAL PARTNERS, LLC, Plaintiff,            *Exhibit No. 1*
2148 UNIVERSITY AVENUE,
EAST PALO ALTO, CALIFORNIA 94538, USA.

Phone: 650-323-1849.       CELL PHONE: 408-242-1782.       Fax: 650-228-2492.
E-MAIL: nathaniel.sobayo@gmail.com

PLAINTIFF, In Pro Per Attorney

**THROUGH THE**
**Superior Court of the State of California For the County of San Mateo**

**HALL OF JUSTICE, 400 COUNTY CENTER, REDWOOD CITY, California 94064.**

**CIVIL DIVISION**

**COMPLAINTS TO BE FILED IN THE COURT OF LAW, IF THIS MATTER IS NOT URGENTLY
HANDLED IN A VERY REASONAABLE WAY FOR SETTLEMENT OUT OF COURT.
BY:**
NATHANIEL BASOLA SOBYO, Plaintiff,
KINGSWAY CAPITAL PARTNERS, LLC, Plaintiff,**FOR FEDERAL AND CALIFORNIA
STATE CIVIL LAWS VIOLATIONS AND
ALLEGATIONS AGAINST THE IDENTIFIED DEFENDANTS**

**AGAINST THE FOLLOWING DEFENDANTS:**

1. Maria Sosa, purported land lady and property owner.
2. Sosa Maria G Trust, as property owner.
3. Maria Sosa's insurer, to be identified.
4. Jeffrey Johnson, of Roof Guard Company, Inc.
5. Roof Guard Company, Inc.
6. Inter West Insurance Services, Insurance Agency for
     Jeffrey Johnson & Roof Guard Company, Inc.
7. Steve Carmassi, Inter West Insurance Services,
     Jeffrey Johnson & Roof Guard Company, Inc.
8. First Mercury Insurance NAIC # 10657, Insurer for
     Jeffrey Johnson & Roof Guard Company, Inc.
9. State Compensation Insurance Fund (CA) NAIC # 35076
     Insurer for Jeffrey Johnson & Roof Guard Company, Inc.
10. Jaime Alvarez, Real Estate Broker for Maria Sosa,
     as Property Sale listing agent.
11. Dan Beatty, Attorney at Law for Maria Sosa,
      without the required investigation and due diligence(s).
12. Jennifer Loskamp, Realtor of Coldwell Banker,
      for proposed new buyer of subject Property.
13. Chris Shaheen, Commercial Associate of Coldwell Banker.
14. Bret Husted, Prevention Inspector for proposed new buyer.
15. Proposed New Buyer of Subject Property, to be identified.



Notice is hereby given that Plaintiffs in this matter, identified as ;

NATHANIEL BASOLA SOBYO, Plaintiff, KINGSWAY CAPITAL PARTNERS, LLC, Plaintiff,

hereby demand urgent and immediate handling of this COMPLAINT; otherwise, plaintiffs will

file this same action in the Court; for Judgment or order against defendants as alleged.

PREAMBLE OF COMPLAINTS AND VIOLATIONS OF THE LAWS BY DEFENDANTS:

1.  FIRST OCCURRENCE OF HEAVY RAIN WATER DAMAGES OF PLAINTIFFS' PROPERTIES VIA RAIN ROOF LEAKS, SHOWERS, AND HEAVY RAIN WATER POUR(S), THE OCCURRENCE WERE WITNESSED BY BOTH MARIA SOSA THE PORTPURTED PROPERTY OWNER AND PATRICK BROCK, THE PROPERTY MANAGER FOR MARIA SOSA, AND A THIRD PARTY CHRISTOPHER WUILLEMIN.

2.  SECOND OCCURRENCE OF HEAVY RAIN WATER DAMAGES OF PLAINTIFFS' PROPERTIES VIA RAIN ROOF LEAKS, SHOWERS, AND HEAVY RAIN WATER POUR(S), THE OCCURRENCE WERE WITNESSED BY MARIA SOSA THE PORTPURTED PROPERTY OWNER AND PATRICK BROCK, THE PROPERTY MANAGER FOR MARIA SOSA, AND A THIRD PARTY CHRISTOPHER WUILLEMIN.

3.  COUNTLESS OCCURRENCES OF VARYING STRENGTH OF RAIN WATER DAMAGES OF PLAINTIFFS' PROPERTIES VIA RAIN ROOF LEAKS, SHOWERS, AND RAIN WATER POUR(S), THE OCCURRENCES WERE ALL WITNESSED BY MARIA SOSA THE PORTPURTED PROPERTY OWNER AND PATRICK BROCK, THE PROPERTY MANAGER FOR MARIA SOSA, AND A THIRD PARTY CHRISTOPHER WUILLEMIN.

4(a) This is a Complaint for Violations of Series of City, State, and Federal Laws,

Statutes, Codes, Rules and Constitutions.

4(b) From credible witness these PLAINTIFFS ascertained that City Of East Palo Alto staff said it found very serious code violations and structural issues in the building, but not limited to human life endangerment, blights, plumbing(s) appurtenants, electrical appurtenants, sewer systems, illegal make shift toilet room, illegal sewer, sanitary, flood drainage systems, under the subject property, and throughout the outside perimeters of the subject property, inadequate electrical lighting fixtures inside and outside the subject building, which entire building also houses a handful of other businesses.

City officials have deemed the "Entire Subject Property" to be deteriorated and hazardous, and in violations of City, County, California State, and Federal BUILDING(S) and Public Health and Safety Codes.

Meanwhile, these PLAINTIFFS have given more that 3 years CONTINEOUS NOTICES TO MARIA SOSA AND HER BUSINESS PARTNERS AND COLLABORATORS, to come up with a plan of action outlining what can be done to stabilize and to retrofitting this subject deteriorated and hazardous building, hitherto, MARIA SOSA AND HER ASSOCIATES, AS DEFENDANTS, HAVE IGNORED, SUPPRESSED, OPPRESSED, AND EXPLOITED THESE PLAINTIFFS.

These PLAINTIFFS contend that Government Authorities and Court of Laws at all levels throughout the lands of the United States of America, who regulate, interpret and enforce Building and Housing Code may consider a demolition order IF THESE ALLEGATIONS GET THE ATTENTIONS OF GOVERNMENT AGENCIES AND OR THE LAW COURTS, depending upon what actions the owner takes to repair the building conditions, which are now deemed substandard, AS CONTENDED BY THESE PLAINTIFFS.

According to Government records, the property is purportedly owned by : Maria Sosa, purported land lady and property owner. And 2. Sosa Maria G Trust, as property owner.

As of today May 28th, 2014, PLAINTIFFS walk-through by

NATHANIEL BASULE & OR 4111 , Still confirms that the

Fire Department and Codes Enforcement , when summoned at City, County, California State, and Federal levels, will surely confirmed that "there continues to be several very serious code violations and structural issues that have become even more dangerous since our previous building survey on the same subject property.

///

- 3 -
PLAINTIFF'S COMPLAINT

Among the conditions cited by Nathaniel Basola Sobayo, and that may be further
cited by the GOVERNMENT staff are the following:

    •   The structure's disrepair creates life-safety issues and environmentally
hazardous conditions.

    •   The subject building or space of these PLAINTIFFS, lacks adequate exits for
fires or panic situations, ON THE GROUNDS THAT THE METALLIC FOLDING
GATE AT THE BACK OF THE PLAINTIFFS' PURPORTEDLY LEASED SPACE, has
not been functional, it is defective, forming a FIRE TRAP AND LIFE
ENDANGERMENT, for the past 3 weeks, but MARIA SOSA, continues to ignore,
the repair request made through PATRICK BROCK; his property manager.

THE SUB-DIVISION OF THE ENTIRE SPACE, VIOLATES ALL GOVERNMENT
BUILDING, HEALTH AND SAFETY CODES, WITHOUT ANY JUST CAUSES.

    •   The required fire sprinkler system for subject Property is NOT IN EXISTENCE,
SUBJECTING PLAINTIFFS, to catastrophic danger and further losses.

    •   The roof and interior building systems throughout have remained insufficiently
maintained for several years.

    •   The structure is decayed to the point that portions of the building may fail and
injure these PLAINTIFFS and other people on or off the property.

PLAINTIFFS FURTHER CONTEND that structural members of the building's roof and
ceiling have deteriorated and show signs of failure; PLAINTIFFS are not sure if there
are roof leaks over their own entire space in the building; MARIA SOSA AND THE
ROOFING CONTRACTOR REFUSE TO GIVE WRITTEN ASSURANCE TO PLAINTIFF
THAT THE ROOF AND CEILING ISSUES HAVE BEEN PERMANENTLY REPAIRED TO
THE EXCLUSIONS OF ANY FUTURE RAIN WATER LEAKS, AND OR OTHER BAD
WEATHER CONDITIONS.

The exterior and interior surfaces and the under ground sewer and drainages are not
property functioning, they are also unsanitary and there is excessive water damage
and mold; the plumbing system is not properly functional and operational; heating
units, ductwork, and electrical systems are damaged; and the required fire sprinkler
system is NOT IN EXISTENCE, THESE POSE EXTREME FIRE AND GAS INFERNO AT
ANY TIME, ACCORDING TO PACIFIC GAS AND ELECTRIC, "PG&E".

PLAINTIFFS constantly observe "Mysterious Water Drips" but can not tell where the drips come
from. An ugly hole was created in the roof, by some repair men from MARIA SOSA, and have
since been ignored.

PLAINTIFFS, CAN SEE on a dry, sunny day, that gravels were visible on the floors beneath some
holes.



1  SOME ELECTRICAL FIXTURES of the CEILING ARE HANGING LOSE. OTHERS ARE IN
2  DISREPAIRS and gravel from the roof or ceiling are starting to look like a fall may occur
   inside the business, posing a life-safety issue.

3
4  THESE PLAINTIFFS' COMPLAINTS ARE NOW WRITTEN, BECAUSE we felt like it was
   an emergency situation.

5
6  PLAINTIFFS, are not sure what is holding up the roof and the ceiling in parts of the
   building, leased by the same plaintiffs.

7
8  IF THE MATTERS IS PERMITTED TO GO TO THE VARIOUS GOVERNMENT AGENCIES
   AND OR ANY LAW COURTS, it is believed that such government staffs may
9  recommended the entire building be declared unfit for human occupation or use, and
   MAY RECOMMEND CONDEMNATION .

10
11  PLAINTIFFS CONTEND that 40 to 95 percent of the overall structure of the building
    are deemed unsafe for human occupation or use as APRIL 1ˢᵗ of 2011, when
12  PLAINTIFFS first walk-through the space, but purported owner MARIA SOSA  did not
    inform these plaintiffs of these facts
13

14  To date, there appears to have been no substantial building or fire safety
    improvements in accordance with adopted building or fire code requirements over
15  the past many years, in this Country.

16
   5.
17

18  To date and since signing a formal written lease agreement, PLAINTIFFS have paid to

19
   MARIA SOSA, the sum of $29,750.00, as lease payments, but have not been able to
20  utilize the space "LEASED" for the purpose of conducting the intended business   .
   activities.
21

22  PLAINTIFFS , HAVE ALSO SERIES OF COMPUTER HARDWARES, COMPUTER
23  SOFTWARES, AND MANY ELECTRONIC COMPONENTS AND ABOUT 40 YEARS OF
   BUSINESS, ACCOUNTING, HISTORICAL AND LOGISTICALPAPER RECORDS,THAT
24  HAVE BEEN DESTROYED, CORRUPTED AND COMPROMISED.

25
   IT IS ESTIMATED THAT WELL OVER $6,000,000.00 IN AGREGATE PROPERTIES
26  DAMAGES  HAVE BEEN SUSTAWNTED AS A LOSS BY THE ILLEGAL NEGLEGENCE
   OF THESE DEFENDANTS AND MARIA SOSA, INCLUDING MANY OTHER ILLEGAL
27  VIOLATIONS.

28

(27)

THE INITIAL SUM OF $250,000.00, IS NEEDED FOR LOGISTICAL WORKS, IN ORDER
TO HIRE EXPERTS AND NON EXPERTS TO ASCERTAIN ..................

THE SPECIFIC AMOUNTS OF MONEY FOR THE APPROXIMATE PROOF(S) OF
CLAIMS AND THE EXACT MONETARY DAMAGES, TO BE EXACTLY SO CLAIMED. AN
AMOUNT YET TO BE DETERMINED IS ALSO CLAIMED BY THESE PLAINTIFFS, FOR
PUNITIVE  DAMAGES AND OR FOR EXAMPLARY DAMEGES.

    6.  Starting on May 15th, 2014, the amount of  $1,750.00, as regular lease monthly
      payments, for Plaintiffs space, will now be accumulated, and kept in a Special
      Plaintiffs'  Bank Account, for these same Plaintiffs' monthly payments for the
      subject property now purportedly been leased by PLAINTING.

    7. Direct Payments to Maria Sosa will then be resumed by plaintiffs, as soon as the
      Complaint's issues are settled and concluded.

8.   7.  Rat and Mouse Infestations were reported for the second time by these
      plaintiffs, only to be totally ignored by Maria Sosa and all co-defendants.

    9.    Parking Spaces and their issues and problems ,
       have been raised by Plaintiffs,
       again only to be ignored by Maria Sosa and all defendants.

    10.    Offer of intents to purchase the subject property " FOR REDEVELOPMENT,
       by the Plaintiffs were initiated,
      only  to be ignored, suppressed and depressed by ways of prejudice and
      discrimination of Maria Sosa and her associates and partners, against plaintiffs,
      all in violations of the Federal, State, County and City legal and Constitutional
      rights. A legal Causes of actions may be initiated to redress these serious legal
      violations.

    11. Photographs, and pictures of damaged of properties and documents,
      exist to support the proofs of claims of Plaintiffs,
      and may be used when they are so required.

    12.  MARIA SOSA AND HER CO-DEFENDANTS IN THIS COMPLAINT ARE IN GROSS LEGAL VIOLATIONS OF
      THESE TWO PROVISION OF THE WRITTEN LEASE AGREEMENT, INCLUDING BUT NOT LIMITED TO
      MOST OF THE OTHER WRITTEN AND ORAL AGREEMENTS.

**USE OF PREMISES.** Tenant may use the Premises for Real Eastate Investments , Business Sales, Business Marketing, Business Management,
Business Marketing Communications, International Transactions, Business Agencies, Rental Agencies, Imports & Export Services, WholeSale &
Retail Services, Business Consulting Services, Business Incubator Services, Offices For East Palo Alto & Belle Haven Chamber of Commerce
Services, but not limited to all relevant & partinent legally possible services and use. The Premises may be used for any other purpose with the prior
written consent of Landlord, which shall not be unreasonably withheld. Tenant shall notify Landlord of any anticipated extended absence from the
Premises not later than the first day of the extended absence.

**EXCLUSIVITY.** Landlord shall not directly or indirectly, through any employee, agent, or otherwise, lease any space within the property (except the
Premises herein described), or permit the use or occupancy of any such space whose primary use of business is in, or may result in, competition with
the Tenants primary use of business. The Landlord hereby gives the Tenant the exclusive right to conduct their primary use of business on the
property.

5.

(28)

## FACTUAL STATEMENTS AND ALLEGATIONS:

**On April 1st of 2011, MARIA SOSA, LEASED OUT APPROXIMATELY, A**

**17 FEET BY 79 FEET, portion of her property identified as**

**2148 UNIVERSITY AVENUE, EAST PALO ALTO, CALIFORNIA, to**

NATHANIEL BASOLA SOBYO, Plaintiff, and KINGSWAY CAPITAL PARTNERS, LLC, at

the rate of $1400.00, with a deposit of $1,400.00, collected. Although Plaintiffs as tenants

documented their understandings of the terms and conditions of the lease, the lease were

never consummated in writing, because of the refusal of MARIA SOSA, to do so. All efforts

to reasonably consummate the lease by tenants, were ignored, suppressed and oppressed

by MARIA SOSA, YET MARIA SOSA continue to collect the sum of $1400.00 from APRIL

1st, 2011, to January 15th, of 2013, which equals to the sum of $31,500.00, which sum is

now demanded to be refunded in full by MARIA SOSA, on the following grounds:

That MARIA SOSA, HAVE NOT KEPT TO THE TERMS AND CONDITIONS OF ANY AND

ALL OF THE LEASE AGREEMENT WITH THIS PLAINTIFF, ORAL NOR WRITTEN.

THE INITIAL ORAL UNDERSTANDING(S),

The Addendum #1,
The Addendum #2,
AND
THE COMMERCIAL LEASE AGREEMENT "WRITTEN", THAT ARE
FOLLOWING BELOW ; WILL SERVE TO PRESENT AND
SUPPORT
SOME  OF THE FACTUAL CONTENSIONS
OF THESE PLAINTIFFS, WHEN COMPARED & CONTRASTED.
// //
// //

The PLAINTIFFS, have already touched on the Initial ORAL (29)
UNDERSTANDING(S) AND AGREEMENT, AS ABOVE STATED
AND CAPTIONED, THEREFORE NO NEED FOR FURTHER
ELUCIDATION(S) ON THAT.

## Addendum #1

To The written
Commercial Lease
by Kingsway Capital Partners, LLC
on 2148 University Ave,
East Palo Alto, California 94303

Phone: 650-323-1849.      FAX: 650-228-2492

e-mail: nathaniel.sobayo@gmail.com

ITEM NO.
a)
Owner agrees to automatically extend the duration of lease for a
(4) 5 year durations on the same term and conditions of $1400.00
monthly rent or lease payments for the first two 5 year terms; for the
following reasons:

1)
The U.S. Economy will not rebound for another 10 years;
from the date of this lease.

2)
Over the duration of the lease, lease holder, may have to do substantial lease
hold Improvements, both inside and outside the leased premises.

3)
The monthly lease payment of $1,400.00 will permit Lessee to partially
defray the anticipated substantial lease hold Improvement.

4)
It is anticipated that the business hours of Lease holder shall be extended
to two shifts and may be 3 shifts on 24 hours 7 days per week, when it
becomes viable to do so.

5)
To become profitable a diversity of business services must be offered with
Substantial Improvements to the premises.

30

6) For reasons of the U.S. Economic downturn,
it is going to require an immediate, medium, and long range investments
of:
a)
Material resources.
b)
Human Staffing resources.
c)
Money and financial resources.
d)
but not limited to Sales, Promotions and Marketing resources.

7)
To our Transportation's, Vehicles Rental Agency Services:

We must secure parking spaces on another nearby location to hold
vehicles for potential Customers, if these services are to flourish and prosper.

ITEM
b)
Lessor agrees to install (2) two flood lights,
one directly in the front entrance area of our leased premises;
  and
the other directly in the back entrance,
for general safety
and customer attractions; when it becomes dark in the evenings.

ITEM
c)
Lessor agrees to permit the Lessee to operate more than
Real Estate Investment Services at the premises that are legally permitted.

Our current services are the following stated below:
1)
Kingsway Services
Real Estate Property Services & Consulting
Investment Problems & Solutions
Mortgage Problems & Solutions and Property Managers
2)
Technical Services

Computer Sales Services
Computer Software Services
Computer Hardware Services
Computer Repair Services

Electronic Printing and Copying Services
Document Stations for the public
Social Media Stations for the public
3)
TV; Radio; & Electronics

TV Sales & Services & Repairs
Radio Sales & Services & Repairs
 4)
Transportation Services Agency

Vehicle Rental Agency Services.
Daily Rentals Services,
Weekly Rentals Services,
Monthly Rentals Services,
Rent To Owner Services

ITEM
d)
Although Lease holder is absolutely not making demands for any unreasonable
repairs, yet lessee can not acknowledge that the leased premises are in
adequate enough conditions, and that the same lease holder can not at this
current time commit to maintain the premises in conditions as it is, at
lease holder's own expenses, as they relate to repairs of plate glass, Electrical
wirings, plumbing  and heating installations and any other system or
equipment, to including ceiling, flooring, windows sun screens and blinds.

ITEM
e)
When adequate funding are acquired by this lease holder, and the lease holder is
able to do any lease hold Improvements, the lessor's approval will be
obtained before any such lease hold Improvements are done.

Very Truly Yours
Nathaniel Basola Sobayo,                              June 18th, 2011
// //
// //
// //
// //
// //
// //
// //

32

1  Addendum #2

2  Requests For Conditions of Leasing Premises
   @
3  2148 University Avenue, East Palo Alto, ca 94303
4  Introduction:
   Addendum #1: was written & sent on June 18 2011.
5  1.
6  Lease holder Requests for Removal of front view left Side Signs, that says
   Maria's Plaza and the front view Rancho Grande and Polynesian
7  Restaurant, Tonga, Samoa, Island & Fiji and the blighted remains of the fixtures.
   2.
8  Lease holder hitherto or as of this writing have paid in excess of
    $21 ,OO0.00 U.S.dollars, since April1st, 2011,
9   in rent & lease payments, and now need to secure a
   meaningful lease agreement with lessor.
10

11 Lease holder is yet to unpack and Settle in the premises,
   because of dust producing ventilation at the back side of
12 the location and Premises.

13
   Lease holder is requesting a custom installed sliding glass doors,
14 in front of the rolling doors, in the back side of the premises.
   This particular item was started but not completed.
15

16 3.
   Lease holder is seeking roof inspections and reports of the premise's roof,
17 to assure safety from potential rain damages from defective roof and leaks
   as experienced by lessor during the past months;
18

19 the extensive rain damages from the roof leaks suffered by lease holder,
   are yet to be calculated; and claimed from the lessor's insurance and or directly from
20 lessor's personal entity.,

21 lease holder will like to prevent repetitions of such disasters and costly
22 horror(s) in the future.

23 4.
   The Cold Air Conditioning and hot heating Systems, need to be in
24 excellent working conditions to prevent any repetition of past
   suffering from bad air conditionings.  WE HAVE PG&E LETTER OF INSPECTIONS
25 AUTHENTICATING THE DEFECTIVE APPURTENANTS.
26 Prepare by me,

27 Nathaniel Basola Sobayo                    June 18th, 2012
28 // //

# *COMMERCIAL LEASE*

③③

This Lease Agreement (this "Lease") is dated January 16, 2013, by and between MARIA SOSA, Landlord & Patrick Brock, Agent & Property Manager ("Landlord"), and Nathaniel Basola Sobayo, dba: Kingsway Capital Partners, LLC ("Tenant"). The parties agree as follows:

**PREMISES.** Landlord, in consideration of the lease payments provided in this Lease, leases to Tenant APPROXIMATELY 17 FEET WIDE AND 79 FEET IN LENGTH (the "Premises") located at 2148 UNIVERSITY AVENUE,, EAST PALO ALTO, CA 94303.

**TERM.** The lease term will begin on January 16, 2013 and will terminate on January 17, 2023.

**LEASE PAYMENTS.** Tenant shall pay to Landlord monthly installments of $1,750.00, payable in advance on the sixteen day of each month, for a total lease payment of $213,500.00. Lease payments shall be made to the Landlord at 475 BELL STREET, EAST PALO ALTO, CA 94303, which address may be changed from time to time by the Landlord.

**SECURITY DEPOSIT.** At the time of the signing of this Lease, Tenant shall pay to Landlord, in trust, a security deposit of $1,750.00 to be held and disbursed for Tenant damages to the Premises (if any) as provided by law, the sum of $1400.00, is already in deposit with landlord, the balance of $350.00, shall be paid in (14) monthly installments of $25.00, to make up the $1750.00, security deposit payment.

**POSSESSION.** Tenant shall be entitled to possession on the first day of the term of this Lease, and shall yield possession to Landlord on the last day of the term of this Lease, unless otherwise agreed by both parties in writing. At the expiration of the term, Tenant shall remove its goods and effects and peaceably yield up the Premises to Landlord in as good a condition as when delivered to Tenant, ordinary wear and tear excepted.

**USE OF PREMISES.** Tenant may use the Premises for Real Eastate Investments , Business Sales, Business Marketing, Business Management, Business Marketing Communications, International Transactions, Business Agencies, Rental Agencies, Imports & Export Services, WholeSale & Retail Services, Business Consulting Services, Business Incubator Services, Offices For East Palo Alto & Belle Haven Chamber of Commerce Services, but not limited to all relevant & partinent legally possible services and use. The Premises may be used for any other purpose with the prior written consent of Landlord, which shall not be unreasonably withheld. Tenant shall notify Landlord of any anticipated extended absence from the Premises not later than the first day of the extended absence.

**EXCLUSIVITY.** Landlord shall not directly or indirectly, through any employee, agent, or otherwise, lease any space within the property (except the Premises herein described), or permit the use or occupancy of any such space whose primary use of business is in, or may result in, competition with the Tenants primary use of business. The Landlord hereby gives the Tenant the exclusive right to conduct their primary use of business on the property.

**PARKING.** Tenant shall be entitled to use any and all 16 parking space(s) for the parking of the Tenant's customers'/guests' motor vehicle(s), sharing the same parking space(s) with all other tenants'/guests', on first arrived use basis for all.

**PROPERTY INSURANCE.** Landlord and Tenant shall each maintain appropriate insurance for their respective interests in the Premises and property located on the Premises. Landlord shall be named as an additional insured in such policies. Both sides shall deliver appropriate evidence to each side as proof that adequate insurance is in force issued by companies reasonably satisfactory to both sides. Both side shall receive advance written notice from the insurer prior to any termination of such insurance policies. Both sides shall also maintain any other insurance which  may reasonably be required for the protection of each side's interest in the Premises.

Tenant is responsible for maintaining casualty insurance on its own property.

**RENEWAL TERMS.** This Lease shall automatically renew for an additional period of One hundred and twenty months per renewal term, unless either party gives written notice of termination no later than Twenty four months  prior to the

(34)

end of the term or renewal term. The lease terms during any such renewal term shall be the same as those contained in this Lease.

**MAINTENANCE.** Landlord shall have the responsibility to maintain the Premises in good repair at all times.

**UTILITIES AND SERVICES.**

Landlord shall be responsible for the following utilities and services in connection with the Premises:
- water and sewer
- The landlord will be responsible for all repairs to the building, all appurtenants, inside and outside the property, which include all plumbing, eletrical, roof, ceiling, and all fixtures, as the property is from the begining of the lease to the end of the lease.

Tenant shall be responsible for the following utilities and services in connection with the Premises:
- electricity
- gas
- heating
- garbage and trash disposal
- janitorial services
- telephone service
- Upon the begining of the lease, tenant intends to do a major lease hold improvements of the property, with the approval of the landlord and the government authorities. All such intentions, and or services will be offered in specific details in writing for approval, prior to the start of any such duties and responsibilities, to be assumed by tenant.

Tenant acknowledges that Landlord has fully explained to Tenant the utility rates, charges and services for which Tenant will be required to pay to Landlord (if any), other than those to be paid directly to the third-party provider.

**TAXES.** Taxes attributable to the Premises or the use of the Premises shall be allocated as follows:

REAL ESTATE TAXES. Landlord shall pay all real estate taxes and assessments for the Premises.

PERSONAL TAXES. Landlord shall pay all personal taxes and any other charges which may be levied against the Premises and which are attributable to Tenant's use of the Premises, along with all sales and/or use taxes (if any) that may be due in connection with lease payments.

**DESTRUCTION OR CONDEMNATION OF PREMISES.** If the Premises are partially destroyed by fire or other casualty to an extent that prevents the conducting of Tenant's use of the Premises in a normal manner, and if the damage is reasonably repairable within sixty days after the occurrence of the destruction, and if the cost of repair is less than $35,000.00, Landlord shall repair the Premises and a just proportion of the lease payments shall abate during the period of the repair according to the extent to which the Premises have been rendered untenantable. However, if the damage is not repairable within sixty days, or if the cost of repair is $35,000.00 or more, or if Landlord is prevented from repairing the damage by forces beyond Landlord's control, or if the property is condemned, this Lease shall terminate upon twenty days' written notice of such event or condition by either party and any unearned rent paid in advance by Tenant shall be apportioned and refunded to it. Tenant shall give Landlord immediate notice of any damage to the Premises.

**DEFAULTS.** Tenant shall be in default of this Lease if Tenant fails to fulfill any lease obligation or term by which Tenant is bound. Subject to any governing provisions of law to the contrary, if Tenant fails to cure any financial obligation within 15 days (or any other obligation within 90 days) after written notice of such default is provided by Landlord to Tenant, Landlord may take possession of the Premises without further notice (to the extent permitted by law), and without prejudicing Landlord's rights to damages. In the alternative, Landlord may elect to cure any default and the cost of such action shall be added to Tenant's financial obligations under this Lease. All sums of money or charges required to be paid by Tenant under this Lease shall be additional rent, whether or not such sums or charges are designated as "additional rent". The rights provided by this paragraph are cumulative in nature and are in addition to any other rights afforded by law.



**LATE PAYMENTS.** For any payment that is not paid within 15 days after its due date, Tenant shall pay a late fee of $26.25.

**CUMULATIVE RIGHTS.** The rights of the parties under this Lease are cumulative, and shall not be construed as exclusive unless otherwise required by law.

**NON-SUFFICIENT FUNDS.** Tenant shall be charged $28.00 for each check that is returned to Landlord for lack of sufficient funds.

**REMODELING OR STRUCTURAL IMPROVEMENTS.** Tenant shall have the obligation to conduct any construction or remodeling (at Tenant's expense) that may be required to use the Premises as specified above. Tenant may also construct such fixtures on the Premises (at Tenant's expense) that appropriately facilitate its use for such purposes. Such construction shall be undertaken and such fixtures may be erected only with the prior written consent of the Landlord which shall not be unreasonably withheld. Tenant shall may install awnings or advertisements on any part of the Premises with Landlord's prior written consent. At the end of the lease term, Tenant shall be entitled to remove (or at the request of Landlord shall remove) such fixtures, and shall restore the Premises to substantially the same condition of the Premises at the commencement of this Lease.

**INDEMNITY REGARDING USE OF PREMISES.** To the extent permitted by law, Tenant agrees to indemnify, hold harmless, and defend Landlord from and against any and all losses, claims, liabilities, and expenses, if any, which Landlord may suffer or incur in connection with Tenant's possession, use or misuse of the Premises, except Landlord's act or negligence.

**DANGEROUS MATERIALS.** Tenant shall not keep or have on the Premises any article or thing of a dangerous, flammable, or explosive character that might substantially increase the danger of fire on the Premises, or that might be considered hazardous by a responsible insurance company, unless the prior written consent of Landlord is obtained and proof of adequate insurance protection is provided by Tenant .

**COMPLIANCE WITH REGULATIONS.** Tenant shall promptly comply with all laws, ordinances, requirements and regulations of the federal, state, county, municipal and other authorities, and the fire insurance underwriters. However, Tenant shall not by this provision be required to make alterations to the exterior of the building or alterations of a structural nature, without prior written consent of landlord or the government authorities.

**MECHANICS LIENS.** Neither the Tenant nor anyone claiming through the Tenant shall have the right to file mechanics liens or any other kind of lien on the Premises and the filing of this Lease constitutes notice that such liens are invalid. Further, Tenant agrees to (1) give actual advance notice to any contractors, subcontractors or suppliers of goods, labor, or services that such liens will not be valid, and (2) take whatever additional steps that are necessary in order to keep the premises free of all liens resulting from construction done by or for the Tenant.

**NOTICE.** Notices under this Lease shall not be deemed valid unless given or served in writing and forwarded by mail, postage prepaid, addressed as follows:

**LANDLORD:**

MARIA SOSA, Landlord & Patrick Brock, Agent & Property Manager
Care of : 475 BELL ST,
EAST PALO ALTO, CA 94303

**TENANT:**

Nathaniel Basola Sobayo, dba: Kingsway Capital Partners, LLC
P.O.BOX 1052
PALO ALTO, California 94302

Such addresses may be changed from time to time by any party by providing notice as set forth above. Notices mailed in accordance with the above provisions shall be deemed received on the third day after posting.



1   **GOVERNING LAW.** This Lease shall be construed in accordance with the laws of the State of California.

2   **ENTIRE AGREEMENT/AMENDMENT.** This Lease Agreement contains the entire agreement of the parties and there
3   are no other promises, conditions, understandings or other agreements, whether oral or written, relating to the subject
    matter of this Lease. This Lease may be modified or amended in writing, if the writing is signed by the party obligated
4   under the amendment.

5   **SEVERABILITY.** If any portion of this Lease shall be held to be invalid or unenforceable for any reason, the remaining
    provisions shall continue to be valid and enforceable. If a court finds that any provision of this Lease is invalid or
6   unenforceable, but that by limiting such provision, it would become valid and enforceable, then such provision shall be
    deemed to be written, construed, and enforced as so limited.

7   **WAIVER.** The failure of either party to enforce any provisions of this Lease shall not be construed as a waiver or
8   limitation of that party's right to subsequently enforce and compel strict compliance with every provision of this Lease.

9   **BINDING EFFECT.** The provisions of this Lease shall be binding upon and inure to the benefit of both parties and their
    respective legal representatives, successors and assigns.

10

11

12

13

14  **LANDLORD:**

15

16  maria sosa                    patrick brock
17  _____ Date: _____
    MARIA SOSA, Landlord & Patrick Brock, Agent & Property Manager

18

19  **TENANT:**
    **Nathaniel Basola Sobayo, dba: Kingsway Capital Partners, LLC**

20

21

22  By: nathaniel b Sobayo                        Date: 1-16-2014
23  Nathaniel Basola Sobayo

24

25

26

27

28

Exhibit #2

(37)

*Copy #2*

*(38)*

June 28, 2014
From:

# Nathaniel Basola Sobayo, Plaintiff
# Kingsway Capital Partners, LLC, Plaintiff
**2148 University Avenue**
**East Palo Alto, California 94303**

*Exhibit #*
*No. 2.*

To:

(1) **Maria Sosa,** Purported land landy & property Owner
(2) **Sosa Maria G Trust,** as property Owner,
(3) Maria Sosa's Insurer, yet to be identified,
(4) Jeffrey Johnson, of Roof Guard Company, Inc,
(5) Roof Guard Company, Inc, and Enties and IO other partners in the
    same transaction, as identified in the related complaint filed
    on May 24th, 2014.

## Care of:
## Patrick Brock
## Property Manager for Maria Sosa.
**@ www.patrickbrockandcompany.com**
**Via**
**Email transmissions to:**
**E-mail:** brockpatrick288@gmail.com
**Phone: 650-799-8563**
**Fax:    817-690-4078**

**DEMAND FOR EXTREME WATER (RAIN) FALLS DAMAGES OF THE**
**PLAINTIFFS' BUSINESS AND PERSONAL PROPERTY DAMAGES:**

////

////

////

*Total Damages Amounts*
*demanded @ $1,630,500.00*
*By June 28, 2014.*

# STATEMENTS AND DEMANDS FOR PAYMENTS FOR PROPERTY DAMAGES.

(39)

## Demand #1:

According to the statement of facts, contained in the  May 24th, 2014, Complaint served on Maria Sosa and (14) other Co-defendants, these plaintiffs identified on page one of this demand document - have suffered damages of properties and entities as direct results of the

(a) Legal Negligence(s);
(b) Series/extreme Rainfall(s) damages;
(c) Damages were reasonably foreseeable;
(d) Conditions for Damages were known by Defendants and Maria Sosa;
(e) All Conditions for the Caused damages were known by Maria Sosa and
     her Co-defendants;
(f) Conditions causing damages, were never disclosed to Plaintiffs;
(g) The conditions that caused the damages, which was known to Maria
     Sosa, are legally unreasonable;
(h) The dangerous conditions of the related property, the Unsafe
     Conditions of the property, the Serious Code Violations of the Property
     Owner, Maria Sosa, that damaged plaintiffs entities, and properties, are
     very unreasonable:

The case law quoted below may very partially an scantily control this case.

Rodrigues V. State, 472 P. 2d
(Hawaii1970 and Series of other laws and Case Laws)
////

////

////

////

////

////

In Summary,

**Rain Water damages as complained by these plaintiffs were caused by**

**Maria Sosa's and Co-defendants'**

**Carelessness,**

**Negligence,**

Page | 3

**Disregards of California Laws**

**Disregards of Federal Laws**

**and all other applicable Laws; for these above reasons; Plaintiffs:**

**Nathaniel Basola Sobayo**

**and**

**Kingsway Capital Partners, LLC**

**are demanding:**

**(i) Compensation for Cost of Repairs and or replacements**

**(ii) Compensation for Expenses of Storage**

**(iii) Compensations for Medical Expenses to be incurred**

**for physical Injuries Suffered;**

**for Emotional Injuries Suffered;**

**for Mental Injuries Suffered;**

**As direct results of :**

**Oppressions experienced;**

**Repressions experienced;**

**Depressions experienced;**

**Degradations experienced;**

**Mental Distress experienced;**

**And**

**(iv) Punitive damages for alleged maliciousness towards plaintiffs.**

////

////

////

////

**Demands are now made for payments for damages as the following listed under here:**

(41)

**(1) Complete refund of $29,750.00**
   **representing all paid lease or rent payments**    = $29,750.00


**(2) Security Deposit of $1,750.00**
   **upon the signing of the written lease agreement**    $1,750.00


**(3) Complete Refund for Storage of items intended**
   **for the makeshift leased location @ $2000.00**
   **monthly for 27 months = $2,000.00 x 27 =**    $54,000.00


**(4) Complete Refund for each moving project,**
   **transportation, and labor associated with the**
   **Rain Water Roof Leaks and Showers**
        **@ $5,000 x 4 =**    $20,000.00


**(5) Software data base(s) lost and or degraded**
   **as direct results of developed over the past years,**
   **since 1984, nearly**
   **30 years of software/databases and storage.**
   **The sum of $500,000.00 is here demanded**    $500,000.00


**(6) Degraded Business Goods, furniture,**
   **video Systems,**
   **30 Workstations of Computer Systems**
   **(Hardware Systems)**
   **destroyed by the Rain Water damages,**
   **and loss of use; caused by the degradations and**
   **disruptions and obstructions caused as alleged.**    $250,000.00

////

////

////

(7) Degraded Books in the Business Professional,
  & Personal Library,
  CD(s), Art Objects, and Collectibles, and the loss of
  use caused by the degradations, disruptions and
  obstructions                                                    $150,000.00



Page | 5

(8) Degraded Digital Cameras and Photographic
  Equipments, and the loss of use caused by the
  degradations, disruptions and obstructions                      $25,000.00

(9) Demands for the costs of hiring and retaining Experts
  for the restorations and repairs, as may be feasible,
  but not limited to Evaluations and Cost Estimates.
  Experts, for the professional and legal evaluations of
  all damage(s) and loss(es) $100,000.00
  this payment required upfront                                   $100,000.00

(10) Demands for Punitive damages demanded out of
  the Jurisdictions of the Legal and Judicial
  Systems of the Courts and Law(s)   $500,000.00                  $500,000.00

Total Demands for properties and Entities damages          = $1,630,500.00

Nathaniel Basola Sobayo
Chief Executive Officer
Kingsway Capital Partners, LLC

Dated June 28th, 2014
////

////

////

////

| |
|---|
| $29,750.00 |
| $1,750.00 |
| $54,000.00 |
| $20,000.00 |
| $500,000.00 |
| $250,000.00 |
| $150,000.00 |
| $25,000.00 |
| $100,000.00 |
| $500,000.00 |
| $1,630,500.00 |



# PHOTO EXHIBITS TO FOLLOW AS PROOF OF CLAIMS

# PHOTO EXHIBITS TO FOLLOW AS PROOF OF CLAIMS

////

////

////

# PHOTO EXHIBITS TO FOLLOW
# AS PROOF OF CLAIMS



Page | 7



Exhibits Photos
of damaged
Computers &
Digital Printing
Systems
Hardware parts

Case3:14-cv-03666-RS Document1 Filed08/13/14 Page64 of 82





## Photos from Water Damage iTechCenters II

**mine** <christopher.wuillemin@gmail.com>
To: nathaniel.sobayo@gmail.com, nsobayo@yahoo.com, ssobayo@aol.com

Thu, Apr 24, 2014 at 5:19 PM























































Exhibit #3

(56)

Nathaniel Basola Sobayo,
@ Kingsway Capital Partners, LLC
nathaniel.sobayo@gmail.com

650-323-1849    Fax: 650228-2492.    Cell: 408-242-1782

Exhibit No. 3. (57)

Page | 1

Business Office Address                    Secondary
Address
2148 University Avenue,                     P.O.BOX 1052
East Palo Alto, California  94303.         PALO ALTO,
CALIFORNIA

                                           94302-1052
USA                                        USA

TO: Maria Sosa
PROPERTY OWNER FOR : 2148 UNIVERSITY AVENUE,
EAST PALO ALTO, CA 94303
CARE OF :
PATRICK BROCK; PROPERTY MANAGER & CONFLICT
MEDIATOR.
BROCK AND COMPANY
@ PEOPLE'S PLAZA
            BAY ROAD,
EAST PALO ALTO, CALIFORNIA 94303
@ Office;  650-799-8563-8463       Cell:

FAX:000-000-0000

**MEMORANDUM OF UNDERSTANDING
AND
 INITIAL SETTLEMENT:**
ROOF RAINING LEAKAGE AND SHOWERS OF A LEASED PROPERTY:
@
2148 UNIVERSITY AVENUE,  EAST PALO ALTO, CALIFORNIA 94303
CAUSING NUMEROUS BUSINESS AND PERSONAL PROPERTIES TO BE
DAMAGED, ON TWO MAJOR OCCATIONS, HITHERTO SINCE THE BEGINNING
OF THE LEASING AGREEMENT.

1. On the ground of the alleged numerous property damages, as captioned on page number 1, February 15th, 2014; lease payment have been withheld, tenants, including any and all future lease payments, pending the resolutions of all issues and conflicts.

2. I n order to resume and continue payments, by Nathaniel Basola Sobayo and Kingsway Capital Partners, LLC, now and in the future, Maria Sosa, is now double assuring Nathaniel Basola Sobayo and Kingsway Capital Partners, LLC, that all roof raining leaks and roof showers, that twice occurred, to damage this tenant's Leased space and properties, have been totally repaired and that the conditions and integrity of the subject roof,

are now safe in every respect, from the point of view of any and all reasonable persons, and according to any related CALIFORNIA AND UNITED STATE LAWS , BUT NOT LIMITED TO THE STANDARDS OF ALL RELATED BUILDING CODES, IN THE CITY OF EAST PALO ALTO, IN THE STATE OF CALIFORNIA, AND IN THE UNITED STATES OF AMERICA.

3. Maria Sosa, also owes reasonable legal duty and reasonable care to ensure the lagal safety standards of the city , state, and nation of the USA,

regarding her property being leased by Nathaniel Basola Sobayo and Kingsway Capital Partners, LLC; for these reasons she will promptly

pay for all reasonable proof of damages claims to be submitted by ⑤⑨

tenants Nathaniel Basola Sobayo and Kingsway Capital Partners, LLC,

Page | 3

on or before April 15th, 2014, or as soon as the proof of damages claims

could be reasonably be  submitted. This will avoid any and all needs for

the legal interventions of the Courts of law.

**March 10th, 2014.**

**Conflict Settlement Agreement & Memorandum of Understanding**

**Maria Sosa,**

_____

**Property Owner & Landlady**
**@**
**2148 University Avenue, East Palo Alto, California 94303.**

**Witness by:**

**Patrick Brock**
**Property Manager For Owner & Landlady Maria Sosa.**
**@**
**2148 University Avenue, East Palo Alto, California 94303.**

**Nathaniel Basola Sobayo, Chief Executive Officer,**
**For**
**Kingsway Capital Partners, LLC.**



Exhibit # 4

(60)

DAN BEATTY

*Exhibit No. #4*

# *DAN BEATTY*
# *ATTORNEY AT LAW*
*1771 Woodside Road*
*Redwood City, California 94061*
*(650) 367-1771*
*(650) 366-7989 (Fax)*

*Paralegal*
*Lu Ann McGuigan*



April 9, 2014

Nathaniel BaSola Sobayo
P.O. Box 1052
Palo Alto, CA 94302

> **Re:    Lease for 2148 University Avenue**
> **My Client: Maria Sosa**

Dear Mr. Sobayo:

    I am contacting you on behalf of my client, Maria Sosa, in regards to your tenancy at 2148 University Avenue, East Palo Alto, CA. I have received your Memorandum of Understanding. My client will not sign this document.

I have left you two detailed telephone messages.

I understand the roof leak has been repaired by Roof Guard, who is the contractor who installed the roof. The roof is under a 10-year warranty, and Roof Guard is a licensed contractor. If there are any further problems, we will look to Roof Guard to perform the repairs under the warranty.

With regard to any property loss, your lease provided, under <u>Property Insurance</u>, that you are to carry insurance to protect your property located on the premises. I suggest you make a claim for your lost/damaged property under your insurance. Your insurance company will then make the determination whether to seek subrogation against other possible, responsible parties. In the meantime, the leaky roof does not excuse your obligation to pay rent.

**YOU ARE HEREBY DEMANDED** to pay your rent for the month of March, which was due on March 15 and is now late, in the amount of $1,750.00 plus a late fee of $26.25 immediately.

**YOU ARE FURTHER INSTRUCTED** to make all future lease payments in a timely manner on or before the 16th of each month.

Nathaniel BaSola Sobayo
April 9, 2014
Page 2



Feel free to contact me or have your legal representative contact me to discuss.

Very truly yours,

DAN BEATTY, Attorney at Law

DB:lam
cc: Maria Sosa
xx:sosa.l10

(63)

Exhibit #5



Exhibit No. 5

## 2148 University Ave



**Jaime Alvarez** <jaime@newbayrealty.com>
To: nathaniel.sobayo@gmail.com

Wed, Apr 17, 2013 at 3:11 PM

Hi Nathaniel,

Here are some more detail about the commercial property. As you know, it has an excellent location.

I have included the property profile and that Plat Map as well as a current rent roll. I will also include a property diagram. Let me know if you would like to place an offer.

Thank you,

Jaime Alvarez

New Bay Realty

Real Estate Broker

(408) 425-9595

The link below is to the actual property profile.

http://www.fidelitypassport.com/CyberProfMR.asp?ReportKey=12355345-66971403

**3 attachments**

⌐ **PropertyProfile.pdf**
   861K

⌐ **Layout.pdf**
   109K

⌐ **2148University Ave.pdf**
   188K